MERVYN D. LOSING, Plaintiff v. FOOD LION, L.L.C., a/k/a FOOD LION and ROBERT JONES, Defendant

No. COA06-1312

(Filed 7 August 2007)

### 1. Libel and Slander— slander per se—affirmative defense of truth

The trial court did not err in a defamation case stemming from plaintiff's drug test on 11 December 2001 by entering summary judgment in favor of defendant on the claim of slander per se, because defendant definitively proved the affirmative defense of truth to slander per se when: (1) plaintiff did, under the terms of defendant employer's substance abuse policy, fail a drug test; (2) although the result was ultimately shown to have been a false positive, the fact remained that a finding of a substitute sample constituted a failed test under the employer's policy, and plaintiff's result was of a substituted sample; (3) the statement to another employee that plaintiff's attorney can get you off a drug test was not slanderous when such an assertion does not rise to the level of alleging conduct derogatory to plaintiff's character and standing as a business man, nor does it tend to prejudice him in his business; (4) alleged false statements made by defendants calling plaintiff dishonest or charging that plaintiff was untruthful and an unreliable employee are not actionable per se; and (5) the statements were all true even if plaintiff subsequently showed that they were based on a false underlying premise.

### 2. Privacy— invasion of privacy—expiration of statute of limitations

The trial court did not err in an invasion of privacy case stemming from plaintiff's drug test on 11 December 2001 by entering summary judgment in favor of defendant on the claim of invasion of privacy, because: (1) N.C.G.S. § 1A-1, Rule 41(a)'s tolling of the applicable statute of limitations applies only to the claims in the original complaint and not to other causes of action that may arise out of the same set of operative facts; (2) plaintiff first filed a complaint against defendant in 2003 or 2004, but essentially conceded in his brief that his claim for invasion of privacy was not made in that complaint; (3) the applicable statute of limitations was three years under N.C.G.S. § 1-52(5); and (4) given that the statements objected to by plaintiff were made in December

2001 and early to mid-January 2002, the claim filed on 28 January 2005 was barred by the statute of limitations.

Appeal by plaintiff from order and judgment entered 13 July 2006 by Judge Narley L. Cashwell in Superior Court, Wake County. Heard in the Court of Appeals 24 April 2007.

*Bruce Robinson, for plaintiff-appellant.*

*Constangy, Brooks & Smith, LLC, by Kenneth P. Carlson, Jr., for defendant-appellee.*

WYNN, Judge.

A defendant is entitled to summary judgment when he has shown that the plaintiff cannot overcome an affirmative defense.[1] Because we find that the defendant here definitively proved the affirmative defenses of truth, to slander *per se*; and expiration of the statute of limitations, to invasion of privacy; we affirm the trial court's grant of summary judgment.

On 28 January 2005, Plaintiff Mervyn D. Losing filed a complaint against his employer, Food Lion, LLC, and his direct supervisor, Food Lion district manager Robert Jones, alleging defamation, negligent infliction of emotional distress, negligence, and invasion of privacy, stemming from a drug test of Mr. Losing on 11 December 2001. According to Mr. Losing, he was selected by Food Lion and Mr. Jones for a random drug test soon after returning to work following an accident and injury suffered during the course and scope of his employment. The drug test returned as "substituted," meaning that it was not consistent with human urine. Under Food Lion's substance abuse policy, a "substituted" urine sample was considered a positive screen. A confirmation test conducted by the laboratory facility used by Food Lion likewise found that the sample from Mr. Losing was not consistent with human urine. In accordance with Food Lion's zero tolerance policy, Mr. Jones then fired Mr. Losing from his position at Food Lion on 18 December 2001. However, Mr. Losing exercised his right to a retest, which returned negative. Food Lion ultimately admitted that the initial result was a false positive and reinstated Mr. Losing to his previous position with the same salary and back pay.

---

1. *See Draughon v. Harnett Cty. Bd. of Educ.*, 158 N.C. App. 705, 708, 582 S.E.2d 343, 345 (2003) (holding that a defendant may prove entitlement to summary judgment by "showing that the plaintiff cannot surmount an affirmative defense" (internal quotation and citation omitted)), *aff'd per curiam*, 358 N.C. 137, 591 S.E.2d 520, *reh'g denied*, 358 N.C. 381, 597 S.E.2d 129 (2004).

**LOSING v. FOOD LION, L.L.C.**

[185 N.C. App. 278 (2007)]

Following his return to Food Lion, Mr. Losing was written up by Mr. Jones for failing to maintain his store in accordance with Food Lion policy; he was subsequently suspended for one week in March 2002. Mr. Losing contends that, since his reinstatement, he "has been continually harassed, assigned positions beneath his level of competence, given employees to supervise that were untrained, . . . all because Food Lion desires to have him either resign or set him up in a position where he can be fired." Mr. Losing also contends that Mr. Jones made statements concerning his failed drug test to other Food Lion employees, including that he tested positive, substituted non-human urine in the drug test, and was fired for failing the drug test.

Following answers filed by Food Lion and Mr. Jones, Mr. Losing voluntarily dismissed with prejudice his claim for negligent infliction of emotional distress on 19 December 2005. On 29 June 2006, Food Lion filed an amended motion for summary judgment, arguing that Mr. Losing had failed to establish a *prima facie* case for defamation, negligence, or invasion of privacy, and that such claims were also precluded by qualified privilege, an independent intervening cause, and the statute of limitations, respectively, among other affirmative defenses. Several affidavits, including that of Mr. Jones, were submitted with Food Lion's motion for summary judgment, as well as the interrogatories, requests for admissions, and documents produced during discovery prior to the filing of the motion. On 13 July 2006, the trial court granted Food Lion's motion for summary judgment with prejudice, ordering that Mr. Losing should recover nothing from Food Lion as to any of his causes of action.

Preliminarily, we observe that summary judgment is properly granted when the evidence, viewed in the light most favorable to the non-moving party, shows no genuine issue of material fact. *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998) (citation omitted); *see also* N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). Additionally, a defendant may show he is entitled to summary judgment by: "(1) proving that an essential element of the plaintiff's case is non-existent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense." *Draughon v. Harnett Cty. Bd. of Educ.*, 158 N.C. App. 705, 708, 582 S.E.2d 343, 345 (2003) (internal quotation and citation omitted), *aff'd per curiam*, 358 N.C. 137, 591 S.E.2d 520, *reh'g denied*, 358 N.C. 381, 597 S.E.2d 129 (2004).

**LOSING v. FOOD LION, L.L.C.**

[185 N.C. App. 278 (2007)]

In his appeal, Mr. Losing argues that summary judgment was improper because a genuine issue of material fact remains as to each element of his claim against Food Lion for (I) slander *per se* and (II) invasion of privacy.[2]

I.

**[1]** First, Mr. Losing argues that a genuine issue of material fact remains as to each element of his claim for slander *per se* against Food Lion, such that summary judgment was improper. We disagree.

Under North Carolina law, "slander *per se*" is "an oral communication to a third party which amounts to (1) an accusation that the plaintiff committed a crime involving moral turpitude; (2) an allegation that impeaches the plaintiff in his trade, business, or profession; or (3) an imputation that the plaintiff has a loathsome disease." *Boyce & Isley, PLLC v. Cooper*, 153 N.C. App. 25, 29-30, 568 S.E.2d 893, 898 (2002) (quotation and citation omitted), *disc. review denied, dismissed*, 357 N.C. 163, 580 S.E.2d 361, *cert. denied*, 540 U.S. 965, 157 L. Ed. 2d 310 (2003). "False words imputing to a merchant or business man conduct derogatory to his character and standing as a business man and tending to prejudice him in his business are actionable, and words so uttered may be actionable *per se*." *Id.* at 30, 568 S.E.2d at 898 (quotation and citation omitted). Thus, an essential element of a slander *per se* claim based on defaming an individual's business reputation is that the statements are false; truth is therefore an affirmative defense to such a claim. *Long v. Vertical Technologies, Inc.*, 113 N.C. App. 598, 602-03, 439 S.E.2d 797, 801 (1994) ("[I]n order to be actionable, the defamatory statement must be false. The truth of a statement is a complete defense.").

In the instant case, Mr. Losing specifically alleged in his complaint that Mr. Jones had made statements including, but not limited to:

a. That [Mr. Losing] had been fired for substituting non human urine on a drug test.

<hr />

2. Although Mr. Losing's sole assignment of error asserts that a genuine issue of material fact remains as to "each contention and argument made . . . except for those causes of action which were voluntarily withdrawn[,]" Mr. Losing has made no argument to this Court concerning his negligence claim against Food Lion. Accordingly, we deem that argument abandoned and dismiss that portion of his assignment of error that included his negligence claim. *See* N.C. R. App. P. 28(b)(6) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.").

b. That he had failed a drug test.

c. That he was failing to follow store operating procedures.

d. That he was fired over a drug test.

e. That, through Brian Sloan, you need to get [Mr. Losing's] attorney, he can get you off of a drug test.

In his deposition statements, Mr. Losing refers to the "rumors . . . around the whole store" after he was fired, which he acknowledges were recounted to him by others.

He admits that he never heard Mr. Jones tell anyone that his sample showed non-human urine; rather, his "evidence" that Mr. Jones made the slanderous statements is that "if him [sic] and I are in the room and I'm told I have non-human urine and I'm being fired for it, there's only two people in that room. Just him and me [sic]. I told nobody."

In his brief to this Court, Mr. Losing states that, "[t]he simple question is whether or not [Mr.] Losing failed a drug test. If [Mr.] Losing did fail a drug test, then truth would be a defense." Nevertheless, Mr. Losing asserts that the drug test was not "completed" after the initial test and confirmation test conducted by Food Lion. Rather, Mr. Losing contends that the drug test was not "completed" until he exercised his right to the retest and found that the original results had been false positives. We find this argument to be without merit.

The evidence in this case is incontrovertible that Mr. Losing did, under the terms of Food Lion's substance abuse policy, fail a drug test. Although the result was ultimately shown to have been a false positive, the fact remains that a finding of a "substituted" sample constituted a failed test under Food Lion's policy. Mr. Losing's result was of a "substituted" sample; therefore, he failed the test. Under the express terms of Food Lion's zero tolerance policy, Mr. Losing was then fired for failing a drug test. These were all true statements, notwithstanding the underlying falsity of the positive drug test.

Moreover, in the depositions submitted to the trial court for consideration of Food Lion's motion for summary judgment, Mr. Losing recounted that Mr. Jones told him, "I'm going to have to fire you for

non-human urine that came back—non-human urine on a drug test. I have to fire you because it's a positive drug test." Likewise, Mr. Losing admitted in one of his depositions that he was suspended for a week in March 2002 for "failure to follow store operating procedures." Even assuming *arguendo* that Food Lion has *respondeat superior* liability for statements made about Mr. Losing by Mr. Jones—and even acknowledging that such statements might have been uncalled-for, unfair, and perhaps cruel gossip—any statements made by Mr. Jones regarding Mr. Losing's failing a drug test due to non-human urine, being fired for such, and failing to follow store procedures were still strictly true. As such, they are not slanderous *per se.*

Nor is Mr. Losing's claim that Brian Sloan's alleged statement to "get [Mr. Losing's] attorney, he can get you off of a drug test[]" slanderous. Such an assertion does not rise to the level of alleging "conduct derogatory to [Mr. Losing's] character and standing as a business man," nor does it "tend[] to prejudice him in his business." *Boyce & Isley,* 153 N.C. App. at 30, 568 S.E.2d at 898. For that reason, we have "held consistently that alleged false statements made by defendants, calling plaintiff 'dishonest' or charging that plaintiff was untruthful and an unreliable employee, are not actionable *per se." Tallent v. Blake,* 57 N.C. App. 249, 253, 291 S.E.2d 336, 339-40 (1982) (quotation and citation omitted).

In sum, the statements objected to by Mr. Losing do not rise to the level of slander *per se.* Moreover, the statements were all true, even if Mr. Losing subsequently showed that they were based on a false underlying premise. As such, because Mr. Losing could not overcome the affirmative defense of truth, we must uphold the trial court's grant of summary judgment to Food Lion.

II.

[2] Mr. Losing also argues that the trial court erred by granting summary judgment because a genuine issue of material fact remains as to his claim for invasion of privacy against Food Lion. We disagree.

Under North Carolina law, a plaintiff may refile within one year a lawsuit that was previously voluntarily dismissed, and the refiled case will relate back to the original filing for purposes of tolling the statute of limitations. N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (2005); *see Brisson v. Kathy A. Santoriello, M.D., P.A.,* 351 N.C. 589, 594, 528 S.E.2d 568, 571 (2000) ("[U]nder Rule 41, a plaintiff may dismiss an action that originally was filed within the statute of limitations and

then refile the action after the statute of limitations ordinarily would have expired." (quotation and citation omitted)).

However, the "relate back" doctrine applies only to "a new action based on the *same claim* . . . commenced within one year[.]" N.C. Gen. Stat. § 1A-1, Rule 41(a)(1). This Court has long held that the Rule 41(a) tolling of the applicable statute of limitations applies only to the claims in the original complaint, and not to other causes of action that may arise out of the same set of operative facts. *See Stanford v. Owens*, 76 N.C. App. 284, 289, 332 S.E.2d 730, 733 ("Plaintiffs' contention that the fraud claim has in effect been before the court all along, since it rests upon somewhat the same allegations that were made in support of the negligent misrepresentation claim when the action was first filed, though appealing to some extent is nevertheless unavailing."), *disc. review denied*, 314 N.C. 670, 336 S.E.2d 402 (1985).

In the instant case, Mr. Losing first filed a complaint against Food Lion in 2003 or 2004,[3] but he essentially concedes in his brief that his claim for invasion of privacy was not made in that complaint. After voluntarily dismissing that complaint without prejudice, Mr. Losing refiled his complaint against Food Lion on 28 January 2005, including a new claim for invasion of privacy. The applicable statute of limitations for the tort of invasion of privacy is three years. *See* N.C. Gen. Stat. § 1-52(5) (2005) (specifying a three-year statute of limitations "for any other injury to the person or rights of another, not arising on contract and not hereafter enumerated."). Given that the statements objected to by Mr. Losing were made in December 2001 and early to mid-January 2002, we hold that his claim for invasion of privacy is time-barred, and summary judgment was thus proper.

Affirmed.

Judges TYSON and CALABRIA concur.

---

3. This complaint, although referred to by both Mr. Losing and Food Lion in their briefs, is not included in the record before us. Indeed, although Mr. Losing argues that his invasion of privacy claim should "relate back" to the filing of this complaint for purposes of tolling the applicable statute of limitations, nowhere does he provide an actual date on which the initial lawsuit was filed. Our estimate is based on affidavits in the record that were sworn during the course of the first lawsuit, before it was voluntarily dismissed.