MILDRED WILLIAMS, Plaintiff
v.
SHONDU LAMAR LYNCH, TYISHA STAFFORD, THOMAS C. RUFF, JR., d/b/a
THOMAS C. RUFF, JR. & ASSOCIATES, and FIRST CITIZENS BANK & TRUST
COMPANY, Defendants

No. COA12-682

Filed 5 February 2013

**1. Statutes of Limitation and Repose—tolling—voluntary dismissal—new causes of action**

The trial court properly dismissed claims for breach of contract and conversion asserted against defendant Ruff and a conversion claim asserted against defendant First Citizens as barred by the statute of limitations where those claims appeared for the first time in a second complaint. The N.C.G.S. § 1A-1, Rule 41(a) tolling of the applicable statute of limitations applied only to the claims in the original complaint, and not to other causes of action that may have arisen out of the same set of operative facts.

**2. Statutes of Limitation and Repose—voluntary dismissal and refilling—negligence refiled as professional malpractice—relation back**

The trial court erred in granting defendant Ruff's motion to dismiss a professional malpractice claim on statute of limitations grounds where there had been a voluntary dismissal of a first complaint. The professional malpractice claim in the second complaint related back under N.C.G.S. § 1A-1, Rule 41(a)(1) to the filing of the negligence claim in the first complaint.

Appeal by plaintiff from orders entered 26 August 2010 by Judge Timothy S. Kincaid in Mecklenburg County Superior Court. Heard in the Court of Appeals 25 October 2012.

*Tin, Fulton, Walker & Owen, by John W. Gresham; and Vann Law Firm, P.A., by Christopher M. Vann, for plaintiff-appellant.*

*Poyner Spruill LLP, by Cynthia L. Van Horne and E. Fitzgerald Parnell, III, for Thomas C. Ruff, Jr. d/b/a Thomas C. Ruff, Jr. & Associates, defendant-appellee.*

*Ward and Smith, P.A., by Joseph A. Schouten and Lance P. Martin, for First Citizens Bank & Trust Company, defendant-appellee.*

GEER, Judge.

Plaintiff Mildred Williams contends on appeal that the trial court erred in dismissing on statute of limitations grounds her claims against defendants Thomas C. Ruff, Jr. d/b/a Thomas C. Ruff, Jr. & Associates and First Citizens Bank & Trust Company. In this case, Ms. Williams voluntarily dismissed an initial complaint without prejudice pursuant to Rule 41 of the Rules of Civil Procedure and then filed a second complaint against the same defendants. With respect to Mr. Ruff and First Citizens, the claims for relief in the second complaint were not identical with those in the first complaint. Although Ms. Williams contends the causes of action in her second complaint were timely under Rule 41 because they arose out of the same facts and transactions as her first complaint, binding precedent requires that we look only at whether the claims in the second complaint were included in the first complaint.

Because none of the claims brought against First Citizens in the second complaint were included in the first complaint, we affirm the trial court's order granting First Citizen's motion to dismiss. As for Mr. Ruff, however, the negligence claim for relief in the first complaint is substantively the same as the claim entitled "Professional Malpractice" asserted in the second complaint. The malpractice claim is, therefore, timely under Rule 41. Consequently, we affirm in part and reverse in part.

Facts

On 5 April 2007, Ms. Williams filed a complaint alleging the following facts. On or about 7 April 2004, defendant Shondu Lamar Lynch contacted Ms. Williams, who lived in Florida, representing himself to be a Realtor. He requested that she retain him as her listing agent for a piece of property she owned in Charlotte, North Carolina.

Instead, however, of giving Ms. Williams a standard listing agreement to sign, Mr. Lynch had Ms. Williams sign a limited power of attorney authorizing Mr. Lynch to act as her attorney-in-fact. The text of the power of attorney provided:

> I do empower the said SHONDU LYNCH, as my attorney-in-fact to act for me and in my name, place, and stead to sign any documents and otherwise deal with any and all real property or any interest in any of the same which I may now or hereafter own, and especially to execute all necessary documents in order to convey

good and marketable title to such property, and to do any act or thing and enter into any such transaction as he may see fit and in his discretion find to be for my best interest to facilitate such sale; and I do further empower my said attorney-in-fact with full power and authority to do any and every act for me, and in my name, that I could do personally present and under no disability relating to such sale.

The power of attorney was "limited to the particular property located in Mecklenburg County, North Carolina."

Ms. Williams executed the power of attorney in Florida on 7 April 2004. On the next day, 8 April 2004, the power of attorney was filed with the Mecklenburg County Register of Deeds. On that same day, Mr. Lynch, acting without Ms. Williams' knowledge, sold her property to Gary L. Boger, Jr. and Maryam R. Zeledon. The closing was performed at the offices of Thomas R. Ruff and Associates. Mr. Lynch executed the deed in Ms. Williams' name.

The check for the proceeds of the sale, in the amount of $135,597.03, was made payable to Ms. Williams and delivered to Mr. Lynch. Mr. Lynch took the check to a branch of First Citizens and attempted to negotiate the check. When First Citizens refused to negotiate the check, Mr. Lynch returned to Mr. Ruff's office and gave Mr. Ruff an additional "notarized" document that purported to give Mr. Ruff the authority with respect to the sale of the Charlotte property "to make proceeds from closing payable to" Shondu Lynch. Ms. Williams' and Mr. Lynch's names were handwritten in blanks left in the typed text of the document. A signature appeared above a line labeled "NOTARY" followed by a notary stamp. Upon receiving this document, Mr. Ruff or one of his associates typed the words "Shondu Lynch for" above Ms. Williams' name, which had originally been typed in as the payee on the check.

Mr. Lynch returned, on 9 April 2004, to First Citizens with the modified check. He was allowed to cash the check without endorsing it. Mr. Lynch used the funds from that check to purchase three cashier's checks: one in the amount of $7,000.00 payable to defendant Tyisha Stafford; one payable to Ms. Williams in the amount of $70,000.00; and one payable to Mr. Lynch in the amount of $53,597.03. Mr. Lynch received the remaining $5,000.00 from the check in cash.

On 13 April 2004, Mr. Lynch returned to First Citizens and had the cashier's check originally issued to Ms. Williams reissued to him. Ms. Williams received no proceeds from the sale of her property.

Based upon these facts, Ms. Williams sued Mr. Lynch, Ms. Stafford, First Citizens, "Thomas C. Ruff, Jr., d/b/a Thomas C. Ruff, Jr., & Associates," Mr. Boger, and Ms. Zeledon. With respect to First Citizens, this initial complaint alleged claims for negligence and unfair and deceptive trade practices. The complaint asserted only a claim of negligence against Mr. Ruff.

Ms. Williams voluntarily dismissed that complaint without prejudice on 5 May 2009. On that same day, however, Ms. Williams filed a new complaint against the same defendants, omitting only Mr. Boger and Ms. Zeledon, the purchasers of Ms. Williams' property. The second complaint alleged essentially the same facts as the first complaint although it specifically alleged that Mr. Ruff instructed his secretary to type the words "Shondu Lynch for" on the check after Mr. Lynch was unable to cash the check for the closing proceeds. With respect to the claims for relief, the second complaint asserted as to First Citizens only a claim for conversion and, as to Mr. Ruff, asserted claims for breach of contract, conversion, and "Professional Malpractice."

Both Mr. Ruff and First Citizens filed motions to dismiss, contending that the claims against them in the second complaint were barred by the statute of limitations. On 26 August 2010, the trial court granted the motions and dismissed the claims against Mr. Ruff and First Citizens.

On 13 February 2012, the trial court entered judgment against Mr. Lynch and Ms. Stafford. The judgment found that Mr. Lynch was then a federal prisoner in the Mecklenburg County jail and was in default. As for Ms. Stafford, the court found that she had filed an answer admitting that she received the cashier's check as alleged in the complaint and had cashed the check. Based on those findings, the court entered judgment against Mr. Lynch in the amount of $135,597.03 and against Ms. Stafford in the amount of $7,000.00. Plaintiff timely appealed to this Court.

## Discussion

[1] Ms. Williams contends that the trial court erred in dismissing her claims against Mr. Ruff and First Citizens based on the statute of limitations. In arguing that the claims in her refiled lawsuit were timely, Ms. Williams relies upon Rule 41(a)(1) of the Rules of Civil Procedure,

which provides: "If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal unless a stipulation filed under (ii) of this subsection shall specify a shorter time." As this Court explained in *Losing v. Food Lion, L.L.C.*, 185 N.C. App. 278, 283, 648 S.E.2d 261, 264-65 (2007), "[u]nder North Carolina law, a plaintiff may refile within one year a lawsuit that was previously voluntarily dismissed, and the refiled case will relate back to the original filing for purposes of tolling the statute of limitations."

Mr. Ruff and First Citizens contend, however, that Rule 41's relation-back provision does not apply because the causes of action in Ms. Williams' second complaint were not included in the first complaint. In *Losing*, the plaintiff had, after voluntarily dismissing his first complaint, filed a second complaint, which included an invasion of privacy claim that had not been part of the first lawsuit. 185 N.C. App. at 284, 648 S.E.2d at 265. In holding that the statute of limitations barred the invasion of privacy claim notwithstanding Rule 41, this Court explained: "[T]he 'relate back' doctrine applies only to 'a new action based on the *same claim* . . . commenced within one year[.]' N.C. Gen. Stat. § 1A-1, Rule 41(a)(1). This Court has long held that the Rule 41(a) tolling of the applicable statute of limitations applies only to the claims in the original complaint, and not to other causes of action that may arise out of the same set of operative facts." *Losing*, 185 N.C. App. at 284, 648 S.E.2d at 265.

Similarly, in *Staley v. Lingerfelt*, 134 N.C. App. 294, 296, 517 S.E.2d 392, 394 (1999), the plaintiffs' initial complaint alleged only a 42 U.S.C. § 1983 claim and a loss of consortium claim. After voluntarily dismissing the action, the plaintiffs refiled their lawsuit, asserting not only the § 1983 claim, but also other state law claims. *Id.* This Court held that the statute of limitations barred the newly-added state law claims, reasoning: "Although the claims arise from the same events as the section 1983 and loss of consortium claims, the defendants were not placed on notice that they would be asked to defend these claims within the time required by the statute of limitations." *Id.* at 299, 517 S.E.2d at 396.

Under the holdings of *Losing* and *Staley*, the relation-back provision in Rule 41(a)(1) only applies to those claims in the second complaint that were included in the voluntarily-dismissed first complaint. Here, the breach of contract and conversion claims asserted against Mr. Ruff and the conversion claim asserted against First Citizens

were not included in Ms. Williams' first complaint. Since those claims appeared for the first time in the second complaint, the trial court properly dismissed them as barred by the statute of limitations.

Ms. Williams argues, however, that *Losing* and *Staley* misapply the Court's holding in *Stanford v. Owens*, 76 N.C. App. 284, 289, 332 S.E.2d 730, 733 (1985). In *Stanford*, upon which *Staley* and *Losing* relied, the Court considered whether a second complaint alleging a fraud claim properly related back to the first voluntarily dismissed complaint that had alleged a negligent misrepresentation claim but not a fraud claim. *Id.* at 288-89, 332 S.E.2d at 733. This Court concluded that the fraud claim was barred by the statute of limitations, explaining:

> While, under the circumstances of this case, Rule 41(a)(1) does prevent the negligent misrepresentation claim from being barred by the statute of limitations, nothing in the rule, as we read it, exempts plaintiffs' fraud claim, filed for the first time seven years after it accrued, from the fatal effects of the three-year statute of limitations. Plaintiffs' contention that the fraud claim has in effect been before the court all along, since it rests upon somewhat the same allegations that were made in support of the negligent misrepresentation claim when the action was first filed, though appealing to some extent is nevertheless unavailing. A claim for relief based on fraud is unique, and must be pleaded with particularity even under our liberal rules of notice pleading. A claim for fraud is fundamentally different from a claim for negligence and in alleging in the first action that defendants had negligently misrepresented the condition of the land plaintiffs did not in effect or otherwise also allege that defendants had defrauded them.

*Id.* at 289, 332 S.E.2d at 733 (internal citations omitted).

Although Ms. Williams suggests that *Stanford's* holding should be read more narrowly than this Court did in *Losing* and *Staley* and limited to claims with different pleading requirements, *Losing* and *Staley* are not inconsistent with *Stanford*. Their application of *Stanford*—even if viewed as an extension of the law—is binding on subsequent panels. *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same

court is bound by that precedent, unless it has been overturned by a higher court.").

Additionally, Ms. Williams points to *Richardson v. McCracken Enters.*, 126 N.C. App. 506, 509, 485 S.E.2d 844, 846 (1997), *aff'd per curiam*, 347 N.C. 660, 496 S.E.2d 380 (1998), and *Centura Bank v. Winters*, 159 N.C. App. 456, 459, 583 S.E.2d 723, 725 (2003), as supporting her contention that for purposes of Rule 41, the word "claim" means arising out of the same transaction or occurrence. Those decisions did not, however, address Rule 41(a)(1)'s relation-back provision. Instead, those cases dealt with Rule 41(a)(1)'s mandate that "a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this or any other state or of the United States, an action based on or including the same claim." That aspect of Rule 41(a)(1) involves different considerations than the provision at issue in this case. Because *Losing* and *Staley* address and construe the precise language of Rule 41(a)(1) involved here, those opinions—and not *Richardson* or *Centura Bank*—are controlling. We, therefore, affirm the trial court's order to the extent that it dismissed the conversion claim against First Citizens and the breach of contract and conversion claims against Mr. Ruff.

**[2]** We reach a different conclusion, however, with respect to the claim against Mr. Ruff labeled "Professional Malpractice." Ms. Williams' first complaint asserted a claim for negligence based on Mr. Ruff's actions as the closing attorney, which enabled Mr. Lynch to cash the closing check with the result that Ms. Williams received none of the proceeds of the sale of her property. Thus, that negligence claim asserted negligence arising out Mr. Ruff's role as the closing attorney. In the second complaint, Ms. Williams relabeled her negligence claim as a "Professional Malpractice" claim and alleged that Mr. Ruff's "transferring Plaintiff's funds to Defendant Lynch without first obtaining Plaintiff's approval . . . breached the duty of care owed by North Carolina attorneys in real estate transactions to their clients." Since the second complaint also alleged that Mr. Ruff's having the closing check altered was the means by which Mr. Lynch was able to receive the funds rather than Ms. Williams, the first and second complaints assert the same negligence claim against Mr. Ruff.

It is immaterial that the first complaint identified the claim as a negligence claim and the second complaint identified the claim as a professional malpractice claim. When, as the first complaint alleged,

the negligence arose out of Mr. Ruff's professional role, the two types of claims are synonymous. As this Court has observed, "claims 'arising out of the performance of or failure to perform professional services' based on negligence or breach of contract are in the nature of 'malpractice' claims." *Sharp v. Teague*, 113 N.C. App. 589, 592, 439 S.E.2d 792, 794 (1994) (quoting N.C. Gen. Stat. § 1-15(c) (1983) and holding that fraud does not constitute "professional malpractice" for purposes of N.C. Gen. Stat. § 1-15(c)'s statutes of limitation and repose). *See also Webster v. Powell*, 98 N.C. App. 432, 440, 391 S.E.2d 204, 208 (1990) ("A professional negligence claim against an attorney is, in essence, a legal malpractice claim."), *aff'd per curiam*, 328 N.C. 88, 399 S.E.2d 113 (1991).

We, therefore, hold that the "Professional Malpractice" claim in the second complaint related back under Rule 41(a)(1) to the filing of the negligence claim in the first complaint. Since there is no dispute that the first complaint was timely filed, the trial court erred in granting Mr. Ruff's motion to dismiss on statute of limitations grounds as to the "Professional Malpractice" claim. Consequently, we reverse and remand to the trial court for further proceedings on that claim.

Affirmed in part; reversed and remanded in part.

Judges STEPHENS and McCULLOUGH concur.