IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-722

Filed 3 September 2025

Mecklenburg County, No. 23CVS010009-590

Puma Biotechnology, Inc., Plaintiff,

v.

Hedrick Gardner Kincheloe & Garofalo, L.L.P. and David L. Levy, Defendants.

Appeal by Plaintiff from order entered 20 March 2024 by Judge Edwin G. Wilson Jr. in Mecklenburg County Superior Court. Heard in the Court of Appeals 3 April 2025 in session at Elon University School of Law in the City of Greensboro pursuant to N.C. Gen. Stat. § 7A-19(a).

*Pishko Kalarities, P.A., by David C. Pishko, for Puma Biotechnology, Inc., Plaintiff-Appellant.*

*Mullins Duncan Harrell & Russell PLLC, by Alan W. Duncan, Allison O. Mullins, Stephen M. Russell, Jr. and Hillary M. Kies, for Hedrick Gardner Kincheloe & Garofalo, L.L.P., Defendant-Appellee; and Parker Poe Adams & Bernstein LLP, by Chip Holmes, Jason R. Benton, and Carolina B. Barrineau, for David L. Levy, Defendant-Appellee.*

*John Taylor Law Firm, PLLC, by John R. Taylor, for The North Carolina Advocates for Justice, Amicus Curiae for Plaintiff-Appellant.*

*Ellis & Winters LLP, by Leslie C. Packer, Dixie T. Wells, and Suraj Vege, for NC Chamber Legal Institute and North Carolina Association of Defense Attorneys, Amici Curiae for Defendants-Appellees.*

WOOD, Judge.

This appeal stems from a legal malpractice action filed by Puma Biotechnology, Inc. ("Plaintiff") against Hedrick Gardner Kincheloe & Garofalo, L.L.P. ("HG LLP") and David L. Levy ("Levy") (collectively "Defendants"). Levy was a partner at HG LLP and represented Plaintiff in the underlying defamation case, which is the basis of the legal malpractice action on appeal.

## I.  Factual and Procedural Background

On 24 January 2018, Defendants were hired to represent Plaintiff, who was a defendant in a defamation lawsuit ("Defamation Case") filed in the United States District Court for the Eastern District of North Carolina against Plaintiff by Fredric Eshelman ("Eshelman") on 16 February 2016. Defendants replaced the prior attorneys, Wilkinson Walsh + Eskovitz, LLP ("Wilkinson Walsh"). Eshelman alleged Plaintiff had defamed him by publishing certain information to their shareholders during a proxy contest. HG LLP assigned Levy to work on the Defamation Case. The lead attorney from Wilkinson Walsh updated Levy on strategy, provided insight on Eshelman's attorneys, and advised that Alan Auerbach, Chief Executive Officer, President, and Chairman of the Board of Directors of Puma ("Auerbach"), was a very active client, who needed to be kept up-to-date and involved.

On 20 February 2019, Levy signed a pretrial order containing 146 stipulations of fact of which Plaintiff contends many were not true or were not relevant to the issues of the case. Levy did not consult with Auerbach prior to entering the stipulations. The trial court subsequently entered the pretrial order, establishing the

truth of the stipulations for the purpose of the trial. Defendants did not review the stipulations with Auerbach prior to trial, and on cross-examination Auerbach attempted to deny the truth of the statements and stipulations, damaging his credibility as a witness. Levy also did not make a motion for judgment as a matter of law at the conclusion of evidence. The jury returned verdicts in favor of Eshelman. In total, Eshelman was awarded $26,334,646.58 in compensatory and punitive damages and pre-judgment interest.

After the verdict, Latham & Watkins was hired "to take over the lead role in filing post-trial motions and appealing the verdict." On 22 April 2019, Plaintiff moved for a new trial or alternatively a reduction in damages. At this time, Levy submitted an affidavit with this motion explaining "his agreement to the various stipulations in the Pretrial Order. Among other things, he stated that he understood the topic headings contained in the stipulations were included for 'organizational purposes' and not as factual stipulations." A second non-party attorney working with Levy on the case also submitted a similar affidavit.

On 8 July 2019, the trial court granted Defendants' motion to withdraw as counsel for Plaintiff. On 2 March 2020, the trial court entered an order denying Plaintiff's motion for a new trial. The matter was appealed to the United States Court of Appeals for the Fourth Circuit which upheld the judgment on the issue of liability but set aside the award of damages as excessive. Plaintiff ultimately paid Eshelman $16 million dollars to settle the defamation suit.

On 17 September 2020, Plaintiff filed a complaint (hereinafter "Initial Complaint") against Defendants in Mecklenburg County Superior Court alleging legal malpractice and negligent representation during the Defamation Case. On 24 August 2022, Plaintiff filed a notice of voluntary dismissal of the Initial Complaint, pursuant to Rule 41(a)(1) of the North Carolina Rules of Civil Procedure. On 6 June 2023, Plaintiff refiled its complaint against Defendants (hereinafter "Refiled Complaint") alleging legal malpractice and negligence and a new claim of gross negligence.

Defendants filed separate motions to dismiss on 22 August 2023, both alleging, among other things, the Refiled Complaint was barred by the four-year statute of repose contained in N.C. Gen. Stat. § 1-15(c). HG LLP asserted four grounds for dismissal under North Carolina Rules of Civil Procedure 12(b)(6), 12(b)(7), 19, and 41(a). Levy also asserted four grounds for dismissal under North Carolina Rules of Civil Procedure 9, 12(b)(6), 12(b)(7), 19, and 41(a).

On 20 February 2024, arguments were presented to the trial court by all parties. The trial court considered two main questions, "(1) What was the last act [by] Defendants that gave rise to the cause of action? and (2) Was the action filed within the four-year Statute of Repose?" On 20 March 2024, the trial court filed a written order dismissing Plaintiff's Refiled Complaint with prejudice under Rule 12(b)(6) because it "was not brought within the statute of repose[.]" Plaintiff filed notice of appeal on 28 March 2024.

## II.    Analysis

Plaintiff contends the trial court erred in granting Defendants' motion to dismiss the Refiled Complaint because the savings provision of Rule 41(a)(1) of the North Carolina Rules of Civil Procedure allows a claim to be refiled within one year of its voluntary dismissal, and this one-year time period is not cut short by the four-year statute of repose contained in N.C. Gen. Stat. § 1-15(c).  Thus, Plaintiff contends it properly alleged a sufficient cause of action in the Refiled Complaint that should not have been dismissed as time barred.

Additionally, Plaintiff argues the trial court incorrectly concluded Defendants' "last act of negligence was on or before 22 April 2019" because Defendants had not officially withdrawn as counsel until 8 July 2019, leaving opportunity up until that date for Defendants to correct their negligent actions.

### A.  Standard of Review

We review a trial court's order granting a Rule 12(b)(6) motion to dismiss to determine "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." *BDM Invs. v. Lenhil, Inc.*, 264 N.C. App. 282, 291, 826 S.E.2d 746, 756 (2019) (quoting *Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987)).

"[T]he complaint is to be liberally construed, and the court should not dismiss the complaint 'unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief.'" *Locklear v. Lanuti*,

176 N.C. App. 380, 383, 626 S.E.2d 711, 714 (2006) (cleaned up) (quoting *Dixon v. Stuart*, 85 N.C. App. 338, 340, 354 S.E.2d 757, 758 (1987)). "On appeal of a 12(b)(6) motion to dismiss, this Court conducts a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Podrebarac v. Horack, Talley, Pharr, & Lowndes, P.A.*, 231 N.C. App. 70, 74, 752 S.E.2d 661, 663-64 (2013).

"A statute of limitations or repose defense may be raised by way of a motion to dismiss if it appears on the face of the complaint that such a statute bars the claim." *Hargett v. Holland*, 337 N.C. 651, 653, 447 S.E.2d 784, 786 (1994). However, "[a] 12(b)(6) dismissal based on the statute of repose would only be appropriate if the complaint otherwise alleges facts *conclusively* showing that it was not filed within the applicable statute of repose[]" as "a plaintiff has no burden at the pleading stage to allege facts showing that its complaint was filed within the applicable statute of repose." *Gaston Cnty. Bd. of Educ. v. Shelco, LLC*, 285 N.C. App. 80, 84, 877 S.E.2d 316, 319-20 (2022).

While our legislature does not define the four-year outer limit from the date of the "last act of the defendant giving rise to the cause of action" within N.C. Gen. Stat. § 1-15(c) as a statute of repose, our Courts have consistently defined it as such. *Hargett*, 337 N.C. at 652, 447 S.E.2d at 786; *Black v. Littlejohn*, 312 N.C. 626, 632, 325 S.E.2d 469, 474-75 (1985) ("The majority of the jurisdictions with malpractice statutes of limitations provide some absolute statutory outer limit similar to that

contained in our statute [N.C. Gen. Stat. § 1-15(c)]. This outer limit is more precisely referred to as a period of repose.").  Regardless of whether prior cases have referred to this four-year outer limit as a statute of repose, we shall treat and refer to it as such.

**B.  Last Act of Negligence**

We first address the date of the "last act of the defendant giving rise to the cause of action." N.C. Gen. Stat. § 1-15(c).  Plaintiff contends the trial court erred in granting Defendants' motion to dismiss because 8 July 2019, the date Defendants' motion to withdraw as counsel for Plaintiff in the Defamation Case was granted, is the correct date from which the "last act of the defendant giving rise to the cause of action[]" accrues. N.C. Gen. Stat. § 1-15(c).  The statute for professional malpractice cases states, in relevant part:

> (c) Except where otherwise provided by statute, a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to *accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action*: . . . Provided nothing herein shall be construed to reduce the statute of limitation in any such case below three years. Provided further, that in no event shall an action be commenced more than four years from *the last act of the defendant giving rise to the cause of action* . . . .

N.C. Gen. Stat. § 1-15(c) (emphasis added).

When determining the last act of alleged negligence, we may also consider when the last omission of an act by a defendant has occurred that may give rise to a

cause of action. *Carle v. Wyrick, Robbins, Yates & Ponton, LLP*, 225 N.C. App. 656, 661-62, 738 S.E.2d 766, 770-71 (2013). To determine the last act or omission by a defendant, this Court looks to "factors such as the contractual relationship between the parties, when the contracted-for services were complete, and when the alleged mistakes could no longer be remedied." *Id.* at 661, 738 S.E.2d at 771.

In North Carolina, statutes of repose are not considered to be an affirmative defense, but rather a condition precedent. Unlike statutes of limitation which *are* listed as an affirmative defense and must be affirmatively pleaded, conditions precedent do *not* need to be specially pleaded by the defendant. N.C. Gen. Stat. § 1A-1, Rule 8(c); *Whittaker v. Todd*, 176 N.C. App. 185, 187, 625 S.E.2d 860, 862 (2006); *Gaston Cnty.*, 285 N.C. App. at 85, 877 S.E.2d at 320. The plaintiff has the burden to prove that their action is not barred by the statute of repose, *but* because it is not an affirmative defense, it does not need to be specially pleaded by the defendant. *Whittaker*, 176 N.C. App. at 187, 625 S.E.2d at 862.

This Court in *Whittaker* clarified that the statute of repose is a condition precedent, thus a defendant does not waive their right to raise the issue when not specially pleaded. *Id.* Furthermore, this Court more recently emphasized in *Gaston* that the statute of repose is not listed as an affirmative defense under Rule 8 of the North Carolina Rules of Civil Procedure but is instead governed by Rule 9(c) as a condition precedent. *Gaston Cnty.*, 285 N.C. App. at 85, 877 S.E. at 320.

In determining whether it is appropriate to grant a 12(b)(6) motion to dismiss

based on the statute of repose, our Court has expressed

> it is generally inappropriate to grant a defendant's Rule
> 12(b)(6) motion to dismiss a complaint merely because it
> failed to *allege* facts showing that it was filed within the
> applicable statute of repose.  A Rule 12(b)(6) dismissal
> based on the statute of repose would only be appropriate if
> the complaint otherwise alleges facts *conclusively* showing
> that it was not filed within the applicable statute of repose.

*Id.* at 84, 877 S.E.2d at 319-20.  In *Gaston*, this Court deemed granting a 12(b)(6)

motion inappropriate because the plaintiff did not "allege both the dates when any

Defendant performed its last 'specific last act' and the 'substantial completion of the

improvement[.]'" *Id.* at 84, 877 S.E.2d at 320.  "[B]ased on our jurisprudence, a

plaintiff has no burden at the pleading stage to allege facts showing that its complaint

was filed within the applicable statute of repose." *Id.* at 84, 877 S.E.2d at 319.

Similarly, *sub judice*, Plaintiff did not allege a specific last act of negligence by

Defendants, but it does allege a timeline of events that leaves open the door to

conjecture as to what facts *could* have been alleged or do exist that *would* conclusively

determine the last act of negligence by Defendants.

Here, Plaintiff alleges the following relevant facts in its Refiled Complaint.

Plaintiff was represented by three law firms over the life of the Defamation Case.

Wilkinson Walsh first represented Plaintiff, then Defendant HG LLP, and lastly

Latham & Watkins.  Plaintiff hired Defendant HG LLP to replace Wilkinson Walsh

in the Defamation Case on or about 24 January 2018 prior to trial.  Plaintiff

acknowledges transition of lead representation from Defendants to Latham &

Watkins by stating in its Refiled Complaint, "[a]fter the verdict [was returned 15 March 2019], [Plaintiff] engaged Latham & Watkins to take over the lead role in filing post-trial motions and appealing the verdict." On 22 April 2019, Plaintiff moved for a new trial and Levy "submitted an affidavit explaining his agreement to the various stipulations" in support of the motion. Plaintiff makes no mention of what occurred between the filing of the affidavit and the granting of the motion to withdraw on 8 July 2019.

As the trial court points out, "[t]he complaint is fairly silent as to what Defendants did or did not do during the intervening period between late April and the formal conclusion of Defendants' representation in July" when their motion to withdraw as counsel was officially granted. As stated above, "statutes of repose are conditions precedent and [] the plaintiff has the burden at trial of proving that the claim is brought within the applicable statute of repose." *Richland Run Homeowners Ass'n, Inc. v. CHC Durham Corp.*, 123 N.C. App. 345, 352, 473 S.E.2d 649, 654 (1996) (Greene, J., dissenting), *rev'd*, 346 N.C. 170 (1997) (reversing for reasons consistent with Judge Greene's dissent). However, assuming, without deciding, the trial court correctly determined that the date of the last negligent act of Defendants was 22 April 2019, we focus our attention on whether the matter is time-barred by the statute of repose.

**C. Statute of Repose and the Savings Provision of Rule 41**

This case poses a question of law that has not been explicitly answered by our Courts. We are tasked with determining how the four-year statute of repose, contained in N.C. Gen. Stat. § 1-15(c), and the one-year time period contained in the savings provision of Rule 41(a)(1) interact. Plaintiff contends its Refiled Complaint is not barred by the statute of repose because it was filed within one year of its voluntary dismissal of the Initial Complaint pursuant to the savings provision of Rule 41(a)(1). In contrast, Defendants contend the savings provision does not allow a claim to be filed after the statute of repose has expired, even if refiled within one year after the filing of a voluntary dismissal pursuant to Rule 41(a)(1). N.C. Gen. Stat. § 1A-1, Rule 41(a)(1).

First, we summarize the relevant dates and issue presented. On 17 September 2020, Plaintiff filed its Initial Complaint. On 24 August 2022, Plaintiff voluntarily dismissed the Initial Complaint pursuant to Rule 41(a)(1). On 6 June 2023, Plaintiff filed the Refiled Complaint. Based on the trial court's determination of 22 April 2019 as the last date of purported negligence, the three-year statute of limitations expired on 22 April 2022 and the four-year statute of repose expired on 22 April 2023. Thus, Defendants contend because the Refiled Complaint was filed after 22 April 2023, it is fully barred by the four-year statute of repose, notwithstanding Plaintiff asserting the savings provision of Rule 41(a)(1) provided a full year from 24 August 2022, the date the voluntary dismissal of the Initial Complaint was filed, to refile a complaint, even though that one-year period extended past the four-year statute of repose.

- 11 -

We begin our analysis by discussing each statute separately to provide a clear background of how each operates before we discuss their interaction.

### 1. Rule 41(a)(1) Savings Provision and Relation Back

The savings provision of Rule 41(a)(1) states,

> [i]f an action commenced *within the time prescribed therefor*, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced *within one year after such dismissal* unless a stipulation filed under (ii) of this subsection shall specify a shorter time.

N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (emphasis added).

This Court and our Supreme Court have applied the Rule 41(a)(1) savings provision consistently, allowing a timely-filed initial complaint to be voluntarily dismissed and then subsequently refiled within one year of its voluntary dismissal. When this one-year period after voluntary dismissal exceeds the applicable statute of limitations, our Courts have held the refiled complaint relates back to the commencement of the initial complaint, thus avoiding the expiration of the statute of limitations. *Sweet v. Boggs*, 134 N.C. App. 173, 175, 516 S.E.2d 888, 890 (1999) ("[W]hen a claim is voluntarily dismissed without prejudice by a plaintiff, the plaintiff may reinstitute the claim within one year. The second claim will relate back and avoid the bar of the statute of limitations."); *Georgia-Pacific Corp. v. Bondurant*, 81 N.C. App. 362, 365, 344 S.E.2d 302, 304 (1986) ("When a party properly takes a first voluntary dismissal of an action filed within the statute of limitations, that party

then has one year to refile the same action even though the refiling may be beyond the general statute of limitations."). Our Courts have explicitly discussed the savings provision's application against statutes of limitations, but it has never explicitly stated whether Rule 41(a)(1) is applied in the same manner when the one year period exceeds the time period of a statute of repose. Thus, we further examine how our Courts have applied and discussed Rule 41(a)(1) to guide our analysis.

### a. Relation Back

Under Rule 41(a)(1), "a new action based on the same claim may be commenced within one year after such dismissal" and "the refiled claim will relate back to the [date of the] original filing for purposes of tolling the statute of limitations." N.C. Gen. Stat. § 1A-1, Rule 41(a)(1); *Williams v. Lynch*, 225 N.C. App. 522, 526, 741 S.E.2d 373, 375 (2013). Although this Court in *Spoor v. Barth* primarily focused on *which* claims the relation-back provision applies to in a refiled complaint, the holding is relevant *sub judice* because this Court makes it clear Rule 41(a)(1)'s relation-back provision is applied to the refiled claim by *interposing* the filing date of the original complaint to the refiled complaint. *Spoor v. Barth*, 257 N.C. App. 721, 727-31, 811 S.E.2d 609, 614-16 (2018). When interposing the date of an initial complaint to a refiled complaint, the refiled complaint stands as if it had commenced on the same date as the initial complaint. Thus, when an initial complaint is timely filed within the applicable "time prescribed therefor," the refiled complaint is likewise deemed to be timely filed. *Id.* Consequently, a common sense application of our jurisprudence

to the relation-back component of Rule 41(a)(1) allows a properly refiled claim to avoid both a statute of limitations and a statute of repose. The commencement date of the action is deemed to be the same as the initial complaint. *See Sweet*, 134 N.C. App. at 175, 516 S.E.2d at 890; *See Spoor*, 257 N.C. App. at 727-31, 811 S.E.2d at 614-16.

### b. Relation Back – Amended Complaints

To help provide guidance on our Court's treatment of the relation back of a claim in general, we consider the relation back of amended complaints. Our Supreme Court long ago established how Rule 15(c), the statute allowing a party to file an amended complaint, and its relation-back component and statutes of repose interact. *See generally Pyco Supply Co., Inc. v. Am. Centennial Ins. Co.*, 321 N.C. 435, 364 S.E.2d 380 (1988). In *Pyco Supply Co.*, our Supreme Court reversed this Court's holding that Rule 15(c) was inapplicable when the amendment was "filed beyond a statutory period when that time restriction is deemed a statute of repose." *Id.* at 440, 364 S.E.2d at 383. Our Supreme Court stated,

> We can discern from our Rules of Civil Procedure and the case law of this State no such exception [was] intended for Rule 15(c). We hold that the determination of whether a claim asserted in an amended pleading relates back *does not hinge on whether a time restriction is deemed a statute of limitation or repose.* Rather, the proper test is whether the original pleading gave notice of the transactions, occurrences, or series of transactions or occurrences which formed the basis of the amended pleading. If the original pleading gave such notice, the claim survives by relating back in time *without regard to whether the time restraint*

> *attempting to cut its life short is a statute of repose or limitation.*

*Id.* at 440-41, 364 S.E.2d at 383 (emphasis added).

While a refiled complaint and an amended complaint are separate and distinct, our Supreme Court explicitly acknowledged "whether a time restriction is deemed a statute of limitation or repose[]" was *not* intended to be a determining factor. *Id.* In this context, *Pyco* offers valuable guidance for how our courts may interpret other relation-back provisions.

We acknowledge "notice is not the determinative inquiry for relation back under Rule 41[]" as it is for the relation back of an amended complaint. *Gantt v. City of Hickory*, 290 N.C. App. 279, 285, 892 S.E.2d 223, 228 (2023). We discuss amended complaints as guidance for how our Courts have considered the interaction of relation-back provisions and statutes of limitation and statutes of repose, *not* for guidance on the substance of which claims can be related back.

### c. Allowed Causes of Action in Refiled Complaint

The savings provision of Rule 41(a)(1) applies only when "a new action based on the *same claim* may be commenced within one year after such dismissal . . . ." N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (emphasis added). "Rule 41(a)(1)'s relation-back provision applies only to claims in a subsequent complaint that were included in the voluntarily dismissed complaint." *Spoor*, 257 N.C. App. at 727, 811 S.E.2d at 613.

> Our courts have required the "strictest factual identity between the original" claim, and the "new" action, which

- 15 -

must be based upon the "same claim," as the original action. Further, both claims must be "substantially the same, involving the same parties, the same cause of action, and the same right." If the actions are "fundamentally different," or not "based on the same claims," the new action is not considered a "continuation of the original action," and Rule 41(a) may not be invoked.

*Brannock v. Brannock*, 135 N.C. App. 635, 639-40, 523 S.E.2d 110, 113 (1999) (cleaned up).

## 2. Malpractice Statutes of Limitation and Statutes of Repose

N.C. Gen. Stat. § 1-15(c) is the statute governing professional malpractice. The statute states, in relevant part, "nothing herein shall be construed to reduce the statute of limitation in any such case below three years. Provided further, that in no event shall an action *be commenced more than four years from the last act of the defendant giving rise to the cause of action.*" N.C. Gen. Stat. § 1-15(c) (emphasis added). The four-year outer limit contained in N.C. Gen. Stat. § 1-15(c) is a statute of repose, thus professional malpractice cases have a three-year statute of limitations and a four-year statute of repose. *Hargett*, 337 N.C. at 652, 447 S.E.2d at 786; *Black*, 312 N.C. at 632, 325 S.E.2d at 474-75 ("The majority of the jurisdictions with malpractice statutes of limitations provide some absolute statutory outer limit similar to that contained in our statute [N.C. Gen. Stat. § 1-15(c)]. This outer limit is more precisely referred to as a period of repose.").

Articulating the difference between the statute of limitations and the statute of repose in legal malpractice claims under this statute, our Supreme Court

explained:

> Unlike statutes of limitations, which run from the time a cause of action accrues, statutes of repose . . . create time limitations which are not measured from the date of injury. These time limitations often run from defendant's last act giving rise to the claim or from substantial completion of some service rendered by defendant. *A statute of repose creates an additional element of the claim itself which must be satisfied in order for the claim to be maintained.*
>
> Unlike a limitation provision which merely makes a claim unenforceable, a condition precedent establishes a time period in which suit must be brought in order for a cause of action to be recognized. *If the action is not brought within the specified period, the plaintiff literally has no cause of action.* The harm that has been done is *damnum absque injuria*—a wrong for which the law affords no redress.

*Hargett*, 337 N.C. at 654-55, 447 S.E.2d at 787 (emphasis added) (cleaned up).

### 3. Interaction of Rule 41(a)(1) and N.C. Gen. Stat. § 1-15(c)

When reading the savings provision of Rule 41(a)(1) and the statute of repose, a seeming conflict presents. While the savings provision allows parties to refile a claim within one year of a voluntary dismissal, a conflict in the application of both statutes may appear to arise when the one-year period extends past the expiration of the applicable statute of repose, because generally the "unyielding and absolute" barrier of a statute of repose would preclude a claim filed past its expiration. However, a plain reading of the applicable statutes allows them to be read and applied harmoniously.

### a. Statutory Interpretation

The plain language interpretation of Rule 41(a)(1) does not conflict with the "unyielding and absolute" nature of a statute of repose. When read in context, the phrase "a new action based on the same claim may be commenced" refers back to the filing of the original complaint. That original complaint must have been "commenced within the time prescribed therefor," in other words, timely filed. The legislature did not intend for the timeliness of the "new action based on the same claim" to be judged independently. Rather, the statute places the relevant time bar on the filing of the initial action.

Moreover, nothing in the plain language of Rule 41(a)(1) suggests that its application is limited or curtailed by a statute of limitations or statute of repose. The legislature specifically stated: "a new action based on the same claim may be commenced within one year after such dismissal unless a stipulation filed under (ii) of this subsection shall specify a shorter time." N.C. Gen. Stat. § 1A-1, Rule 41(a)(1). This language demonstrates the legislature's intent that the one-year period following a voluntary dismissal may only be shortened by a stipulation filed under subsection (ii), not by external statutory time bars.

Our colleague's concurring and dissenting opinion relies upon a flawed plain language reading of N.C. Gen. Stat. § 1-15(c) and Rule 41(a)(1) purporting to harmonize how the statutes interact and perception of how they should be applied. "Statutes dealing with the same subject matter must be construed *in pari materia* and harmonized, if possible, to give effect to each." *Bd. of Adjust. of Town of*

*Swansboro v. Town of Swansboro*, 334 N.C. 421, 427, 432 S.E.2d 310, 313 (1993). However, our colleague's flawed analysis does the opposite. Asserting to apply the statutes in harmony, his interpretation of the statute of repose *cuts short* the one-year time period to refile a complaint after a voluntary dismissal, as is explicitly allowed in Rule 41(a)(1).

"A construction which operates to defeat or impair the object of the statute must be avoided if that can reasonably be done without violence to the legislative language." *Elec. Supply Co. of Durham, Inc. v. Swain Elec. Co., Inc.*, 328 N.C. 651, 656, 403 S.E.2d 291, 294 (1991) (quoting *State v. Hart*, 287 N.C. 76, 80, 213 S.E.2d 291, 295 (1975)). "Interpretations that would create a conflict between two or more statutes are to be avoided, and statutes should be reconciled with each other whenever possible." *Barnes v. Erie Ins. Exch.*, 156 N.C. App. 270, 278, 576 S.E.2d 681, 686 (2003) (cleaned up).

In *State v. Daw*, upon which our colleague relies, the Supreme Court found this Court had "violated the basic tenets of statutory construction by ignoring the plain and definite language" of North Carolina's *habeas corpus* statutes. *State v. Daw*, 386 N.C. 468, 476, 904 S.E.2d 765, 772 (2024). "By interpreting what has no need of interpretation and going elsewhere in search of conjecture in order to restrict or eliminate the applicability," this Court "judicially rewrote" the relevant chapter. *Daw*, 386 N.C. at 476-77, 904 S.E.2d at 772 (cleaned up). However, we are not attempting to "silently establish[] a 'general rule' subject to exceptions" for either

Rule 41(a)(1) nor N.C. Gen. Stat. § 1-15(c) to create harmony. *Daw*, 386 N.C. at 477, 904 S.E.2d at 772. Rather, we conclude the Rule 41(a)(1) savings provision, because of its relation-back component, does not function as an exception to the statute of repose and both statutes can apply without conflict.

A more applicable case to guide our statutory interpretation is *Cohane v. Home Missioners of America*, where our Supreme Court reviewed whether a Rule 12(b)(6) motion was properly granted, as is the task before us now. *Cohane v. Home Missioners of Am.*, 387 N.C. 1, 911 S.E.2d 43 (2025). In its statutory interpretation analysis, the Court in *Cohane* stated, "[w]hen called to interpret a statute, legislative intent is the guiding star. We first look to the plain language, as the actual words of the legislature are the clearest manifestation of its intent." *Id.* at 7-8, 911 S.E.2d at 48 (cleaned up). Further, "[o]ur primary task is to determine legislative intent while giving the language of the statute its natural and ordinary meaning *unless* the context requires otherwise." *Id.* at 8, 911 S.E.2d at 48 (emphasis added). Thus, "words and phrases are interpreted in their statutory context . . . ." *Id.* The operation and context of how each statute is applied is key to our present analysis.

Looking at the plain language of N.C. Gen. Stat. § 1-15(c), our colleague focuses on the legislature's use of the word "shall," in "that in no event *shall* an action be commenced more than four years from the last act of the defendant giving rise to the cause of action[.]" N.C. Gen. Stat. § 1-15(c). "It is well established that the word 'shall' is generally imperative or mandatory when used in our statutes." *Morningstar*

*Marinas/Easton Ferry, LLC v. Warren Cnty*, 368 N.C. 360, 365, 777 S.E.2d 733, 737 (2015) (cleaned up). In contrast to the use of "shall" in N.C. Gen. Stat. § 1-15(c), Rule 41(a)(1) uses the word "may," in that "a new action based on the same claim *may* be commenced within one year." N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (emphasis added). Our colleague would apply the use of "shall" to create the unyielding and absolute bar of a statute of repose that prohibits an action that "may" be commenced more than four years after the last act.

We do not disagree with this general plain language application of the words "shall" and "may" when considering an initially-filed complaint. Our colleague's interpretation fails to acknowledge the operation of Rule 41(a)(1)'s relation-back component to the initial filing and the proper commencement date that should first be considered *before* determining whether the statute of repose bars the claim. To assert the statute of repose would bar a timely refiled complaint after a Rule 41(a)(1) voluntary dismissal "disregards the statutes' plain language and *fundamentally misunderstands their operation.*" *Daw*, 386 N.C. at 478, 904 S.E.2d at 773 (emphasis added).

Our plain language reading of Rule 41(a)(1) does not conflict with the statute of repose's "unyielding and absolute" time bar because, when considering the context, a "new action based on the same claim" that "may be commenced" is related back to the commencement of the initial complaint. The initial complaint must have been "commenced within the time prescribed therefor," meaning it must have been timely

filed. The legislature did not intend for the filing date of the "new action based on the same claim" to be considered for the purposes of whether an action is time barred, but for the hurdle to be placed on the date of the initial claim that the statute requires to have been "commenced within the time prescribed therefor."

Further, the plain language of Rule 41(a)(1) makes no statement to support the contention that its application is cut short by a statute of limitations or statute of repose. The legislature chose to use the language "a new action based on the same claim may be commenced within one year after such dismissal *unless a stipulation filed under (ii) of this subsection shall specify a shorter time.*" N.C. Gen. Stat. § 1A-1, Rule 41(a)(1). Based upon this language, the legislature intended this one year time period after dismissal to be shortened only when the indicated subsection and stipulation provides for a shorter time.

**4. Analogous Caselaw**

We consider two additional cases for guidance on how Rule 41(a)(1) and the statute of repose of N.C. Gen. Stat. § 1-15(c) may interact to resolve our present issue. *See generally Bockweg v. Anderson*, 328 N.C. 436, 402 S.E.2d 627 (1991); *Williams*, 225 N.C. App. 522, 741 S.E.2d 373.

Before proceeding, we address our colleague's abhorrence towards *Bockweg* and *Williams* as guidance. While the Court in *Bockweg* never uses the *word* "repose" and the Court in *Williams* only uses the *word* "repose" once in a parenthetical, asserting neither case can be used to help understand the interplay between Rule

41(a)(1) and N.C. Gen. Stat. § 1-15(c) is absurd. Nothing supports the contention that in order to use the analogous cases, *Bockweg* and *Williams*, as guidance to help solve the issue presented, the *word* "repose" must be *explicitly stated*. To do so would also conclude no statute of "repose" exists under N.C. Gen. Stat. § 1-15(c). As discussed earlier, N.C. Gen. Stat. § 1-15(c) is devoid of the *word* "repose."

Our Courts drew the inference that our legislature created a statute of repose, not just a statute of limitations, when enacting "in no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action[,]" in N.C. Gen. Stat. § 1-15(c). N.C. Gen. Stat. § 1-15(c); *Hargett*, 337 N.C. at 652, 447 S.E.2d at 786; *Black*, 312 N.C. at 632, 325 S.E.2d at 474-75 Just as our Courts have inferred the four-year outer limit in N.C. Gen. Stat. § 1-15(c) is a statute of repose, we can also infer from analogous cases applying the same statute. N.C. Gen. Stat. § 1-15(c) does not contain the *word* "repose." We can infer our Courts were cognizant of the relevant three-year statute of limitations and four-year statute of repose when determining whether a claim was time barred under N.C. Gen. Stat. § 1-15(c), thus even when a case does not explicitly state a claim is *not* time barred by *both* the statute of limitations and the statute of repose, reasonable inferences from the facts and timeline of a case allow us to come to this conclusion.

### a. Bockweg v. Anderson

Our Supreme Court considered our present issue in *Bockweg v. Anderson*.[1]  In *Bockweg*, plaintiffs filed a diversity action in the United States District Court for the Middle District of North Carolina. *Bockweg*, 328 N.C. at 437, 402 S.E.2d at 628.  On 2 November 1987, the plaintiff stipulated to a voluntary dismissal pursuant to Rule 41(a)(1) as to one of the claims. *Id.*

On 18 October 1988, plaintiff refiled suit against the same defendants on the voluntarily dismissed medical malpractice claim in Forsyth County Superior Court, within one year of the voluntary dismissal in federal court "but more than *four years* from the date care was last rendered to plaintiff-wife." *Id.* (emphasis added).  The trial court granted the defendants' motion to dismiss "on the grounds that the suit was outside the applicable statute of limitations, [N.C. Gen. Stat.] § 1-15(c)." *Id.* at 437-38, 402 S.E.2d at 628.

As here, plaintiffs in *Bockweg* sought to apply the savings provision of Rule 41(a)(1) to refile a claim after the *four-year statute of repose*[2] contained in N.C. Gen. Stat. § 1-15(c) had expired. *Id.* at 438, 402 S.E.2d at 628.  While the Court in *Bockweg* heavily discussed and focused on the movement of the refiled complaint from federal to state court and its effect on the savings provision's applicability, the holding

---

[1] Although *Bockweg v. Anderson* dates to 1991, both the savings provision of Rule 41(a)(1) and N.C. Gen. Stat. § 1-15(c) remain unchanged.

[2] While the *word* "repose" is not used explicitly in this case, the plaintiff's refiled their claim "more than four years from the date care was last rendered to plaintiff-wife." This refiling took place after the expiration of the statute of repose, not just the expiration of the statute of limitations, because the statute of repose expired four years from the last act of negligence, and the last act in this case is the date care was last rendered.

ultimately reversed the trial court's dismissal and allowed the plaintiff, who had voluntarily dismissed a timely filed action, to refile the action by invoking the one-year savings provision of Rule 41(a)(1), even after the four-year statute of repose had passed. *Id.* at 450, 402 S.E.2d at 635. *Bockweg* remains binding precedent.

Our colleague would discredit *Bockweg* by asserting "it offers no guidance on the statute of *repose*," and by failing to recognize the refiling that is considered to be *outside the statute of limitations* of N.C. Gen. Stat. § 1-15(c) could mean *any time* after the appropriate three year period has passed, not just the time period between the statute of limitations, year three, and the statute of repose, in year four. Thus, a claim refiled outside of the statute of limitations has the ability to also be filed outside of the statute of repose even though not explicitly stated it was filed outside of both, as was the case in *Bockweg*.

### b. *Williams v. Lynch*

More recently, this Court in *Williams v. Lynch* addressed issues nearly identical to those here. In *Williams*, the plaintiff had timely filed the first complaint under the same statute herein within the three-year statute of limitations, voluntarily dismissed the claim pursuant to Rule 41(a)(1), and refiled within the one-year limit provided by the savings provision of Rule 41(a)(1), and *after the four-year statute of repose* provided by N.C. Gen. Stat. § 1-15(c). *Williams*, 225 N.C. App. at 523-26, 741 S.E.2d at 374-76.

While the overarching issue in *Williams* focused on the substance and nature of a claim that could be refiled under the savings provision and after the three-year statute of limitations, this Court reasoned the "claim in the second complaint related back under Rule 41(a)(1) to the filing of the negligence claim in the first complaint[]" and "[s]ince there [was] no dispute that the first complaint was timely filed, the trial court erred in granting [defendant's] motion to dismiss on statute of limitations grounds as to the 'Professional Malpractice' claim." *Id.* at 529, 741 S.E.2d at 377.

A refiled claim, which may otherwise exceed the statute of limitations or statute of repose, can survive under the savings provision of Rule 41(a)(1) because the refiled claim will relate back to the original filing date. *Id.* at 526, 741 S.E.2d at 375. Therefore, the refiled complaint in *Williams* was considered to have commenced at the time of the initial timely-filed complaint and did not exceed the bar of the statute of limitations or repose. *Id.* at 528-29, 741 S.E.2d at 377. Examining all relevant dates, this Court has held the savings provision of Rule 41(a)(1) allows a claim of the same nature to be refiled *after* the four-year statute of repose in N.C. Gen. Stat. § 1-15(c) has expired. *See id.* at 529, 741 S.E.2d at 377. The refiled claim relates back to the timely filing date of the initial complaint. *Id.*

While the Court in *Williams* does not explicitly state it is considering a three-year statute of limitations or a four-year statute of repose, clearly a "Professional Malpractice" claim is at issue and the Court cites cases referencing the same applicable professional malpractice statute, N.C. Gen. Stat. § 1-15(c). *Id.* at 528-29,

741 S.E.2d at 377. In *Williams*, the facts logically allow us to conclude the last act of negligence by the defendants was 13 April 2004, as it is the last stated negligent act by defendants in the facts before the plaintiff filed the original claim. *Id.* at 525, 741 S.E.2d at 375. That date, along with the date of the original filing, voluntary dismissal, and refiling dates, demonstrates that the original claim was filed before the expiration of the statute of limitations and the refiled claim was filed within one year from the voluntary dismissal, but after the four year statute of repose. This Court permitted the savings provision of Rule 41(a)(1) to allow a refiled claim of the same nature *sub judice* to proceed *after* the four-year statute of repose in N.C. Gen. Stat. § 1-15(c) has expired because the refiled claim related back to the timely-filed initial complaint. *See id.* at 529, 741 S.E.2d at 377.

### c. Dissent Cases Distinguished

Our colleague denies the guidance available from *Bockweg* and *Williams* but does not cite any case analogous to the case at hand. Only one case in our colleague's analysis addresses both Rule 41(a)(1) and a statute of limitations or statute of repose. The case at hand presents the opportunity to distinguish and discuss the various cases cited by our colleague and how each can offer guidance, even though they may not explicitly use certain words.

*Christie v. Hartley Const., Inc.* discusses differences between a statute of limitations and a statute of repose. *Christie* discusses a purported statute of repose contained in N.C. Gen. Stat. § 1-50(a)(5) when applied to a construction case. While

offering insight into application of a similar statute of repose and the differences between a statute of repose and a statute of limitations, this case does not address how a statute of repose may *interact* with a voluntarily-dismissed claim that has been refiled or the application of Rule 41(a)(1). *See generally Christie v. Hartley Const., Inc.*, 367 N.C. 534, 766 S.E.2d 283 (2014). There was not a refiled complaint in this case.

*Hargett v. Holland* further discusses differences between statutes of limitations and statutes of repose. While *Hargett* does involve the relevant statute, N.C. Gen. Stat. § 1-15(c), it too does *not* involve a timely voluntarily dismissed claim that has been refiled and the application of Rule 41(a)(1). *See generally Hargett*, 337 N.C. 651, 447 S.E.2d 784. *Hargett* offers valuable guidance on the distinctions between a statute of limitation and a statute of repose and we quoted it above for this reason. Our colleague's analysis fails in its application when it quotes *Hargett* in support of its notion that a claim is not maintainable when filed after the expiration of the statute of repose *no matter what.*

The Court in *Hargett* addresses a claim: (1) that has not been voluntarily dismissed; (2) not been refiled; (3) discusses primarily the "last act" date of the defendants; and (4) was "filed more than 13 years after" what was determined to be the "last act" of defendants. *Id.* The initial complaint in *Hargett* was not timely filed, in stark contrast to the timely-filed initial complaint *sub judice.* Unlike *Hargett,* Defendants here cannot claim shock, surprise, or lack of knowledge of the pending

claims to be prejudiced when they presented affidavits in support of Plaintiff in the underlying action.

The Court in *Black v. Littlejohn* asserts "repose serves as an unyielding and absolute barrier that prevents a plaintiff's right of action even before his cause of action may accrue . . . ." *Black*, 312 N.C. at 633, 325 S.E.2d at 475. We agree and cite this case for the same reasons we cited and analyzed *Hargett*. *Black* primarily focuses on the "one year from discovery rule" contained in N.C. Gen. Stat. § 1-15(c), and how it operates to determine the proper "last act" date of the defendant. *Id.* However, *Black* does not consider a voluntarily dismissed and timely refiled claim or Rule 41(a)(1) *at all. See generally id.* It is easily distinguishable from this case and is of limited guidance on the interaction of the relevant statutes.

*Monson v. Paramount Homes, Inc.* states, "[w]hile equitable doctrines may toll statutes of limitation, they do not toll substantive rights created by statutes of repose." *Monson v. Paramount Homes, Inc.*, 133 N.C. App. 235, 240, 515 S.E.2d 445, 449 (1999). Rather than involving a voluntarily dismissed timely claim, *Monson* involves the issue of when the statute of repose would begin to run when subsequent repairs have been made to a construction project. *See generally id.* Specifically, it asked whether subsequent repairs would qualify as the "last act." This Court ultimately decided they did not. *Id.* at 242, 515 S.E.2d at 450. Allowing subsequent repairs to be a "last act" to extend or restart a statute of repose each time a repair was made could create a potential infinite period of time and, would discourage a

party from making repairs for fear of extending the statute of repose. *Id.* at 241, 515 S.E.2d at 450. The facts of *Monson* are clearly distinguishable from the case *sub judice* making it poor support for our colleague's analysis. In the case *sub judice,* there are no "repairs" at issue to create a potential infinite period of time for a claim to be brought. Rather, this case revolves around a voluntarily dismissed timely claim that has been refiled under Rule 41(a)(1), an issue which *Monson* does not even remotely consider. Rule 41(a)(1) only allows a timely and voluntarily dismissed claim to be refiled within *one year* after being voluntarily dismissed. N.C. Gen. Stat. § 1A-1, Rule 41(a)(1). A logical application of the statutes does not create an infinite period of time for the filing of claims.

The plaintiff in *Goodman v. Holmes & McLaurin Attorneys at Law* attempted to apply N.C. Gen. Stat. § 1-50(e) to their legal malpractice claim. N.C. Gen. Stat. § 1-50(e) states the statute of repose "shall not be asserted as a defense by any person who shall have been guilty of fraud . . . or to any person who shall wrongfully conceal any such fraud, or willful or wanton negligence." N.C. Gen. Stat. § 1-50(e); *Goodman v. Holmes & McLaurin Att'ys at Law*, 192 N.C. App. 467, 474, 665 S.E.2d 526, 531-32 (2008) (cleaned up). This Court determined N.C. Gen. Stat. § 1-15(c) contained no comparable exception to prohibit a defendant from raising the issue of statute of repose and stated we have "consistently refused to apply equitable doctrines to estop a defendant from asserting a statute of repose defense in the legal malpractice context . . . ." *Goodman*, 192 N.C. App. at 474-75, 665 S.E.2d at 532. *Goodman* is

distinguishable from the issues here because the claim there was brought seven years after the last act date, making it clearly barred by the statute of repose. *Goodman* provides no insight into the interactions of Rule 41(a)(1) and the statute of repose. It only provides background to how the statute of repose has been applied standing alone.

The facts in *Brisson v. Kathy A. Santoriello, M.D., P.A.* at first glance appear to be similar to those *sub judice*, but, after reviewing the relevant dates in the case, it is easily distinguishable. *See generally Brisson v. Kathy A. Santoriello, M.D., P.A.*, 351 N.C. 589, 528 S.E.2d 568 (2000). The date of the "last act" in *Brisson* was 27 July 1994. *Id.* at 591-94, 528 S.E.2d at 569-71. The plaintiff there filed its initial suit on 3 June 1997. *Id.* at 591, 528 S.E.2d at 569. On 22 August 1997, defendant filed a motion to dismiss pursuant to Rule 9(j) and 12(b)(6). *Id.* On 30 September 1997, plaintiff filed a motion to amend its initial complaint or, in the alternative, to voluntarily dismiss its initial complaint pursuant to Rule 41(a)(1). *Id.* at 592, 528 S.E.2d at 569. The trial court denied their motion to amend its complaint, so on 6 October 1997 plaintiff voluntarily dismissed its initial complaint and refiled it on 9 October 1997 with the Rule 9(j) certification now included. On 20 October 1997, defendants filed a motion for judgment on the pleadings arguing the refiled claim was barred by the applicable "statutes of limitations and repose." *Id.* at 592, 528 S.E.2d at 570. The Court was tasked with determining whether the refiled complaint could relate back to the date of the initial complaint, even though the Rule 9(j) certification

was not attached to the initial complaint, which ultimately the Court determined it could.

This case offers excellent history into the purpose and application of Rule 41(a)(1); however, a major distinguishing factor between *Brisson,* and *Bockweg*, *Williams*, and the case *sub judice* is that the statute of repose could not truly have been a factor because the refiled complaint was filed after the statute of *limitations* had expired but *before* the statute of repose had expired. *Bockweg*, *Williams*, and our present case all involve a refiled claim being filed after the statute of repose has passed.

Our colleague emphasizes *Brisson* uses the language "statute of limitations" when discussing the application of Rule 41(a)(1) and implies every statement the Court makes involving the application must *only* apply to statutes of limitation, not statutes of repose. However, although there was never a true question in *Brisson* of whether the statute of repose had been violated as no filing date therein ever exceeded four years from the last act, the Court offered an analysis into Rule 41(a)(1)'s application suggesting it is meant to "salvage" refiled voluntarily dismissed claims even when refiled after the statute of repose expiration date:

> [t]he purpose of our long-standing rule allowing a plaintiff to take a voluntary dismissal and refile the claim within one year even though the statute of limitations has run subsequent to a plaintiff's filing of the original complaint is to provide a one-time opportunity where the plaintiff, *for whatever reason*, does not want to continue the suit. The range of reasons clearly includes those circumstances in

> which the plaintiff fears dismissal of the case for rule violations, shortcomings in the pleadings, evidentiary failures, or any other of the myriad reasons for which the cause of action might fail. *The only limitations are that the dismissal not be done in bad faith* and that it be done prior to a trial court's ruling dismissing plaintiff's claim or otherwise ruling against plaintiff at any time prior to plaintiff resting his or her case at trial.

*Id.* at 597, 528 S.E.2d at 573 (emphasis added). Additionally, the Court stated, "on 6 October 1997, plaintiffs voluntarily dismissed this action and, thus, were granted one year within which to refile." *Id.* at 594, 528 S.E.2d at 571. Looking carefully at relevant dates, the statute of repose would have expired on 27 July 1998. *Id.* Thus, the Court's language alludes to the scenario that plaintiffs would have been able to refile any time up until 6 October 1998. This language suggests the one-year period to refile a claim after a voluntary dismissal *is not* cut short by a statute of repose.

## 5. Application of the Statutes Together

Based upon our analysis of both statutes, we conclude the Rule 41(a)(1) savings provision, because of its relation-back component, does not function as an exception to the statute of repose and both statutes can apply without conflict. Rule 41(a)(1) must first be applied to determine the appropriate commencement date, then using the appropriate commencement date, we can consider whether a claim is time barred by either the statute of limitations or the statute of repose.

When applying Rule 41(a)(1) as the first step and *then* considering N.C. Gen. Stat. § 1-15(c) as the second step, it is clear a refiled complaint, under a very specific

set of circumstances, can proceed even when the date it is refiled falls more than four years after the last date of negligence.

**D. Application to *Puma***

The trial court determined Defendants' last date of negligence giving rise to the cause of action is 22 April 2019, even though the trial court did not grant Defendants' motion to withdraw as counsel for Plaintiff until 8 July 2019. On 17 September 2020, Plaintiff filed its Initial Complaint. On 24 August 2022, Plaintiff voluntarily dismissed the Initial Complaint pursuant to Rule 41(a)(1). Plaintiff filed the Refiled Complaint on 6 June 2023. Based on the trial court's finding of 22 April 2019 as the last date of negligence, notwithstanding Defendant remained counsel of record for Plaintiffs, the three-year statute of limitations ended on 22 April 2022, and the four-year statute of repose ended on 22 April 2023. It is undisputed Plaintiff's Initial Complaint was timely filed within both the applicable statute of limitations and statute of repose.

Plaintiff's Initial Complaint asserts only one cause of action, that Defendants were "negligent in their representation" of Plaintiff in connection with the Defamation Case. However, in its Refiled Complaint, Plaintiff asserts two causes of action (1) legal malpractice and negligence, and (2) gross negligence. Because "the relation-back provision in Rule 41(a)(1) *only applies* to those claims in the second complaint, that were included in the [timely] voluntarily-dismissed first complaint[,]" only Plaintiff's claim of legal malpractice and negligence remains viable as it was

asserted in both the timely Initial Complaint and the Refiled Complaint. *Williams*, 225 N.C. App. at 526, 528-29, 741 S.E.2d at 376-77 (emphasis added) (noting "[i]t is immaterial that the first complaint identified the claim as a negligence claim and the second complaint identified the claim as a professional malpractice claim" because "claims 'arising out of the performance of or failure to perform professional services' based on negligence . . . are in the nature of 'malpractice' claims."). Notwithstanding the fact Plaintiff's claim for gross negligence arises out of the same events as its claim for legal malpractice and negligence, "binding precedent requires that we look *only* at whether the claims in the second complaint were included in the first complaint." *Williams*, 225 N.C. App. at 523, 741 S.E.2d at 374 (emphasis added). Therefore, the cause of action for gross negligence cannot relate back to the date of the initial complaint.

Thus, we conclude Plaintiff's claim for legal malpractice and negligence in its Refiled Complaint relates back under Rule 41(a)(1) to the filing of its Initial Complaint, but its claim for gross negligence does not and was properly dismissed.

## III.    Conclusion

Because the savings provision of Rule 41(a)(1) of the North Carolina Rules of Civil Procedure allows a timely-filed claim to be refiled within one year of its voluntary dismissal and this one year time period is not cut short by the four-year statute of repose contained in N.C. Gen. Stat. § 1-15(c), the trial court erred in granting Defendants' motion to dismiss the Refiled Complaint. We hold Plaintiff's

cause of action for legal malpractice and negligence is not barred by the applicable statute of repose and reverse the trial court's dismissal of the claim. Presuming the trial court correctly determined the last act of negligence date, even though the trial court did not grant Defendants' motion to withdraw as counsel for Plaintiff until 8 July 2019, Plaintiff's cause of action for gross negligence is barred by the statute of repose and was properly dismissed. We affirm in part, reverse in part, and remand to the trial court for further proceedings not inconsistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Judge TYSON concurs.

Judge FREEMAN concurring in part and dissenting in part by separate opinion.

No. COA24-722 – *Puma Biotech., Inc. v. Hendrick Gardner Kincheloe & Garofalo L.L.P. and David L. Levy*

FREEMAN, Judge, concurring in part and dissenting in part.

I concur with the majority's determination of the date of defendants' last act, but I write separately to address the interplay between the statute of repose and the savings provision. As neither this Court nor our Supreme Court have addressed whether the savings provision provides an exception to the statute of repose, this Court must engage in meaningful statutory interpretation to answer the question posed in this case. Because the statute of repose explicitly states, "*in no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action,*" N.C.G.S. § 1-15(c) (2023) (emphasis added), the savings provision states, "a *new* action based on the same claim *may* be commenced within one year after such dismissal," N.C.G.S. § 1A-1, Rule 41 (a)(1) (2023) (emphasis added), and the savings provision does not provide an exception to the statute of repose. Accordingly, I respectfully dissent from the majority's reversal of the trial court's order granting defendants' motion to dismiss.

### III. Discussion

Plaintiff contends the trial court erred in granting defendants' motion to dismiss on the grounds that plaintiff's refiled complaint was untimely under Rule 41(a)(1). In other words, the issue presented on appeal is whether Rule 41(a)(1)'s savings provision creates an exception to the statute of repose.

**A. Statutes of Limitations and Repose**

Though our precedent does not address the precise question raised in this appeal—whether the savings provision can defeat the statute of repose for professional malpractice claims—it is unquestionable that: (1) the savings provision applies to statutes of limitations, and (2) statutes of limitations are not equivalent to statutes of repose. Our jurisprudence addressing *both* statutes of limitations and statutes of repose has highlighted that "these statutes exhibit significant differences in both form and function that have not always proved clear in practice." *Christie v. Hartley Const., Inc.*, 367 N.C. 534, 538 (2014).

Statutes of limitations provide a limitation period that begins "when the plaintiff's cause of action accrues, typically when the plaintiff is injured or discovers he or she has been injured." *Id.* (cleaned up). Therefore, statutes of limitations function "to prevent the problems inherent in litigating claims in which evidence has been lost, memories have faded, and witnesses have disappeared[.]" *Id.* (cleaned up). These statutes "function as affirmative defenses," are "subject to equitable defenses," and "are procedural, not substantive" legislative tools to "determine not whether an injury has occurred, but whether a party can obtain a remedy for that injury." *Id.*

In contrast, statutes of repose begin "to run automatically" from a "defendant's last act or omission that at some later point gives rise to the plaintiff's cause of action" because these statutes "are intended to mitigate the risk of inherently uncertain and potentially limitless legal exposure." *Id.* at 539. "[S]tatutes of repose give potential defendants a degree of certainty and control over their legal exposure," and therefore

"function as unyielding and absolute barriers to litigation, are substantive in nature, and are not subject to equitable doctrines." *Id.*

Our Supreme Court's opinion in *Hargett v. Holland* details the distinction between the statute of limitation and the statute of repose for professional malpractice claims like the one at issue in this case. 337 N.C. 651, 654–55 (1994). There, our Supreme Court explained:

> Unlike statutes of limitations, which run from the time a cause of action accrues, statutes of repose . . . create time limitations which are not measured from the date of injury. These time limitations often run from defendant's last act giving rise to the claim or from substantial completion of some service rendered by defendant. *A statute of repose creates an additional element of the claim itself which must be satisfied in order for the claim to be maintained.*
>
> Unlike a limitation provision which merely makes a claim unenforceable, a condition precedent establishes a time period in which suit must be brought in order for a cause of action to be recognized. *If the action is not brought within the specified period, the plaintiff literally has no cause of action.* The harm that has been done is *damnum absque injuria*—a wrong for which the law affords no redress.

*Hargett*, 337 N.C. at 654–55 (1994) (emphasis added) (cleaned up).

Further, the Court restated its holding from *Black v. Littlejohn*, declaring:

> [t]he period contained in the statute of repose begins when a specific event occurs, regardless of whether a cause of action has accrued or whether an injury has resulted. . . . *Thus, the repose serves as an unyielding and absolute barrier that prevents a plaintiff's right of action even before his cause of action may accrue*, which is generally recognized as the point in time when the elements necessary for a legal wrong coalesce.

3

*Id.* at 655 (emphasis added) (quoting *Black v. Littlejohn*, 312 N.C. 626, 633 (1985)). "Regardless of when plaintiff's claim might have accrued, or when plaintiffs might have discovered their injury, because of the four-year statute of repose, their claim is not maintainable unless it was brought within four years of the last act of defendant giving rise to the claim." *Id.*

Therefore, "[w]hile equitable doctrines may toll statutes of limitation, they do not toll substantive rights created by statutes of repose." *Monson v. Paramount Homes, Inc.*, 133 N.C. App. 235, 240 (1999) (cleaned up). Discussing the statute of repose that governs improvements to real property, we have explained the absurdity in "allow[ing] the statute of repose to toll or start running anew each time a repair is made" because the result "would subject a defendant to potential open-ended liability for an indefinite period of time, *defeating the very purpose of statutes of repose* such as N.C. Gen. Stat. § 1–50(5)." *Id.* (emphasis added) (cleaned up).

In *Goodman v. Holms & McLaurin Attorneys at Law*, this Court explained our appellate courts refuse to "apply principles of equity to the bar imposed by the statute of repose" in section 1-15(c). 192 N.C. App. 467, 476 (2008). In that case, the plaintiff urged this Court to apply case law which dealt with a different statute of repose, and we refused to apply that line of cases because subsection 1-15(c) "contains *no comparable exception* to its four year statute of repose." *Id.* at 474 (emphasis added). *Cf.* N.C.G.S. § 1–50(a)(5), (e) (2023). The plaintiff further relied on *Duke Univ. v. Stainback*, 320 N.C. 337 (1987), and this Court noted such reliance was "misplaced"

4

because the Supreme Court in *Duke* "was not presented with a statute of repose issue, and the statute of repose was not addressed in the opinion." *Id.* at 475. Accordingly, this Court held the trial court did not err in dismissing plaintiff's professional negligence claim as barred by the statute of repose when the plaintiff brought his professional malpractice action against the defendant "nearly seven years after" the defendant's last act.[3] *Id.* at 475. This Court noted,

> it is for the legislature, and not the courts, to establish statutes of limitations, statutes of repose, and any exceptions to those rules. *It is not the role of the courts to create exceptions to the laws established by the legislature where the intent of the legislature is made manifestly clear on the face of the statute.*

*Id.* at 475–76 (emphasis added) (cleaned up).

## B. Rule 41(a)(1) Savings Provision

Rule 41(a) of our Rules of Civil Procedure governs voluntary dismissal in civil lawsuits and allows a plaintiff to voluntarily dismiss a case without prejudice through (1) notice, (2) stipulation, or (3) order of the court. *See generally* N.C.G.S. § 1A-1, Rule 41 (a)(1)(i)–(a)(2) (2023). It is undisputed plaintiff in the present case voluntarily dismissed its initial complaint and complied with Rule 41(a).

Our precedent firmly establishes "Rule 41(a) dismissal strips the trial court of

---

[3] The underlying professional malpractice claim in *Goodman* is based upon defendant-attorney's filing of a "voluntary dismissal without prejudice, without the knowledge or consent of the plaintiff." 192 N.C. App. 467 at 469. Therefore, this Court's opinion in *Goodman* briefly references Rule 41(a)(1)'s savings provision, however, it is not discussed for the application of Rule 41(a)(1) and the statute of repose as demonstrated here. Rather, references to Rule 41(a)(1) in that case are to determine defendant-attorney's last act of negligence. *Id.* at 476.

authority to enter further orders in the case, except as provided by Rule 41(d)[.]" *Brisson v. Kathy A. Santoriello, M.D., P.A.*, 351 N.C. 589, 593 (2000) (cleaned up). This is because "the effect of a judgment of voluntary dismissal is to leave the plaintiff exactly where he or she was before the action was commenced." *Id.* (cleaned up). In other words, "[a]fter a plaintiff takes a Rule 41(a) dismissal, there is nothing the defendant can do to fan the ashes of that action into life, and the court has no role to play." *Id.* (cleaned up).

However, Rule 41(a)(1) also provides:

> If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced *within one year after such dismissal* unless a stipulation filed under (ii) of this subsection shall specify a shorter time.

N.C.G.S. § 1A-1, Rule 41 (a)(1) (2023). Put simply, the above-italicized portion of Rule 41(a)(1)—referred to by our jurisprudence as the Rule 41(a)(1) savings provision— allows an "action [that] was originally commenced within the period of the applicable statute of *limitations*" to possibly be "recommenced within one year after the dismissal, even though the base period may have expired in the interim." *Brisson*, 351 N.C. at 594 (emphasis added). Therefore, a party may "dismiss an action that originally was filed within the statute of *limitations* and then refile the action after the statute of *limitations* ordinarily would have expired." *Id.* (emphasis added) (cleaned up).

6

## C. Repose and Relation Back Precedent

I agree with the majority's summation that our Courts have "never explicitly stated whether Rule 41(a)(1) is applied in the same manner when the one year period exceeds the time period of a statute of repose." However, the majority also reasons that because of the savings provision's relationship with *the statute of limitation*, "a common sense application of our jurisprudence to the relation-back component of Rule 41(a)(1) allows a properly refiled claim to avoid both a statute of limitations and a statute of repose." Therefore, "[t]he commencement date of the action is deemed to be the same as the initial complaint." This is not a commonsense application of our jurisprudence. *See Losing v. Food Lion, L.L.C.,* 185 N.C. App. 278, 283 (2007) ("Under North Carolina law, a plaintiff may refile within one year a lawsuit that was previously voluntarily dismissed, and the refiled case *will relate back* to the original filing *for purposes of tolling the statute of limitations*[.]"(emphasis added)).

Previously, our Courts have used the phrase "statute of repose" to encompass both statutes of repose *and* statutes of limitations and interchangeably used the words "repose" and "limitations." *See Christie*, 367 N.C. at 538 (citations omitted). But our Supreme Court recently reinforced "important distinctions" to consider when analyzing or applying a statute of limitation versus a statute of repose. *See McKinney v. Goins*, 387 N.C. 35, 48 n.7 (2025); *see also Zander v. Orange Cnty.*, 376 N.C. 513, 520 (2020) ("The term statute of repose is used to distinguish ordinary statutes of limitation from those that begin to run at a time unrelated to the traditional accrual

7

of the cause of action." (cleaned up)); *Head v. Gould Killian CPA Grp., P.A.*, 371 N.C. 2, 11 (2018) ("Unlike statutes of limitations, which run from the time a cause of action accrues, statutes of repose . . . create time limitations which are not measured from the date of injury." (cleaned up)). This Court has clearly recognized that such generalization of these statutes is no longer appropriate. *See Gaston Cnty. Bd. of Educ. v. Shelco, LLC*, 285 N.C. App. 80, 85 (2022) ("We note that, as our Supreme Court has explained, statutes of *limitations* and statutes of *repose* are different: where statutes of limitations are clearly procedural, affecting the remedy directly and not the right to recover, the statute of repose . . . acts as a condition precedent to the action itself." (cleaned up)).

The majority contends "[t]his case presents the opportunity to distinguish and discuss the cited cases to show how each can be used for guidance even though they may not explicitly use certain words." However, the majority's application of case law fails to meaningfully distinguish between statutes of repose and limitations and erroneously equates the relationship between the statute of limitation and the savings provision to the relationship between the statute of repose and the savings provision.[4] This is like comparing apples to oranges—"a statute of limitations is not

---

[4] Further, this application and reasoning negates the majority's claim that it treats the "four-year outer limit [of section 1.15(c)] as a statute of repose" regardless of whether our jurisprudence has referenced to that section as a statute of repose. Because the majority has oversimplified our precedent, application of the statute of limitation and the statute of repose produces the same result when applied to the savings provision. Distillation of our jurisprudence requires a more meticulous methodology than the majority applies.

the same as a statute of repose." *McKinney*, 387 N.C. at 48 n.7.

For example, *Sweet v. Boggs*, 134 N.C. App. 173 (1999), and *Spoor v. Barth*, 257 N.C. App. 721 (2018), cannot stand for the proposition that "the relation-back component of Rule 41(a)(1) allows a properly refiled claim to avoid" *both* "a statute of limitations and a statute of repose" because "[t]he commencement date of the action is deemed to be the same as initial complaint" where such cases do not address the statute of repose *whatsoever*.[5] Because the majority primarily relies on case law that does not meaningfully engage with the statute of repose—this case law does not quote or define the language of the statute of repose, apply the statute of repose, or make a holding related to the statute of repose—the majority repeatedly asks its readers to ignore the settled principle that "a statute of limitations is not the same as a statute of repose." *McKinney*, 387 N.C. at 48 n.7.

## D. "Analogous" Case Law

The majority further alleges that my analysis fails to cite any case analogous to *Bockweg v. Anderson*, 328 N.C. 436 (1991), and *Williams v. Lynch*, 225 N.C. App. 522 (2013). The majority's contention appears to once again imply the statute of limitation should be substituted for the statute of repose. *Bockweg* and *Williams*, "can be used to help understand the interplay between Rule 41(a)(1) and N.C. Gen.

---

[5] The statute of repose is not discussed in these cases because the relation-back principle applies to *toll* statutes *of limitations*. *See Losing*, 185 N.C. App. at 283. Statutes of repose *do not toll*, because such statutes *are substantiative and cannot toll*. *See Monson*, 133 N.C. App. at 240.

Stat. § 1-15(c)," as it relates to section 1-15(c)'s statute of *limitation*, but the statute of limitation is not at issue in the present case. *See also Goodman*, 192 N.C. App. at 475.

As neither *Bockweg*, *Williams*, nor any other case, address the interplay between the two statutes at issue *in this case*—with the word "repose" appearing only once in an inapposite parenthetical in *Williams* and being entirely absent in *Bockweg*—these cases fail to resolve any application between the savings provision and the statute of *repose*.[6]

Our Supreme Court in *Bockweg* explicitly stated the issue in that case was "the effect of plaintiffs' voluntary dismissal under the Federal Rules in a federal court sitting in diversity applying North Carolina law on a subsequent refiling *outside the statute of limitations* in state court." 328 N.C. at 442 (emphasis added). The Court held "that a plaintiff who stipulates to a voluntary dismissal, without prejudice, of a timely filed action in a federal court sitting in diversity jurisdiction and applying

---

[6] Specifically, the majority accuses me of asserting that to use "*Bockweg* and *Williams*, as guidance to help solve the issue presented in the case at hand, the *word* 'repose' must be *explicitly stated*," and because of this, I must "also conclude no statute of 'repose' exists under N.C. Gen. Stat. § 1-15(c)." This strawman argument is nonsensical. First, though this should be glaringly obvious, the problem with relying on these cases is not the absence of a "magic word"—it is the absence of any meaningful analysis regarding the issue presented in this appeal. If these cases addressed the four-year bar imposed by subsection 1-15(c) using any other term than repose, I would look to them for guidance. They do not. Second, as previously discussed, the majority reads our jurisprudence related to statutes of *limitations* and the savings provision, like *Bockweg* and *Williams,* to infer identical analyses to the statute of repose. This reading *erases* the "important distinction" between the statutes. *See Goins*, 387 N.C. at 48 n.7; *see also Goodman*, 192 N.C. App. at 475 (noting that, in a case analyzing the statute of repose, the plaintiff's "reliance" on a case addressing the statute of limitation was "misplaced" because "[t]he Court" in the plaintiff's cited case "was not presented with a statute of repose issue, and the statute of repose was not addressed in the opinion.").

North Carolina substantive law, and refiles the action in a North Carolina state court, may invoke the one-year savings provision in N.C.G.S. § 1A–1, Rule 41." *Id.* at 450. As this holding is limited to the Court's interpretation of the statute of limitation, it offers no guidance on the statute of *repose.*

Similarly, in *Williams*, this Court did not discuss the statute of repose or its relationship to the Rule 41 savings provision. Rather, this Court only discussed voluntary dismissal and the application of Rule 41(a)(1)'s relation-back provision. *See Spoor v. Barth*, 257 N.C. App. 721 (2018) (citing *Williams* for the issue of timeliness under Rule 41). The sole mention of the statute of repose is in reference to a separate case's holding that "fraud does not constitute professional malpractice for purposes of N.C. Gen. Stat. § 1-15(c)'s statutes of limitations and repose." *Williams*, 225 N.C. App. at 529 (citing *Sharp v. Teague*, 113 N.C. App. 589, 592 (1994)). As this case did not address the statute of repose, it has no bearing on the issue presented in this case.

The majority reads *Bockweg* and *Williams* as guidance that "resolve our present issue." They do not. Because neither case addresses the statute of repose or its interplay with the savings provision, they offer no guidance on the present issue.

Similarly, the majority relies on our Supreme Court's opinion in *Pyco Supply Co. v. Am. Centennial Ins.*, 321 N.C. 435, 440–41 (1988), "[t]o help provide guidance on our Court's treatment of the relation-back of a claim in general." While our Supreme Court stated in *Pyco* that "whether a time restriction is deemed a statute of limitation or repose" was not a determinative factor for relation back of a claim

11

asserted in an *amended* complaint, *id.*, *Pyco* does not offer "valuable guidance" for the case at hand because plaintiff *refiled* its complaint. Although the majority acknowledges "a refiled complaint and an amended complaint are separate and distinct," it nevertheless attempts to supplant one distinct legal concept for another. Because our Supreme Court's holding in *Pyco* is narrow and only relates to amended complaints, it does not offer meaningful guidance on the issue presented in this case. *See* 321 N.C. 435 at 440 ("We hold that the determination of whether a claim asserted in an amended pleading relates back does not hinge on whether a time restriction is deemed a statute of limitation or repose.").

The majority's attempt to diminish important legal distinctions in our jurisprudence by reframing my dissent as an issue of rigid semantics is perplexing at best, and disingenuous at worst, where the crux of the present case relies on statutory interpretation. Though novel or complex legal issues require us to look critically at our precedent to glean guidance from analogous or instructive contexts where necessary, such novelty or complexity does not allow for our Courts to blatantly pervert precedent and insert dispositive legal terms into statutes. Here, the plain language of the statutes speaks for itself. "It is not the role of the courts to create exceptions to the laws established by the legislature where the intent of the legislature is made manifestly clear on the face of the statute." *Goodman*, 192 N.C. App. at 475–76 (cleaned up).

## E. Statutory Interpretation

The majority holds Rule 41(a)(1) is an exception to the statute of repose, and therefore, its "plain language reading of Rule 41(a)(1) does not conflict with the statute of repose's 'unyielding and absolute' time bar because, when considering the context, of a 'new action based on the same claim' that 'may be commenced' is related back to the commencement of the initial complaint." Far from adhering to the plain language of these statutes, the majority's holding judicially amends them to fit into its twisted reading of inapposite case law.

> In matters of statutory construction, our primary task is to ensure that the purpose of the legislature, the legislative intent, is accomplished. Legislative purpose is first ascertained from the plain words of the statute. Moreover, we are guided by the structure of the statute and certain canons of statutory construction. Courts also ascertain legislative intent from the policy objectives behind a statute's passage and the consequences which would follow from a construction one way or another. *A construction which operates to defeat or impair the object of the statute must be avoided if that can reasonably be done without violence to the legislative language.* An analysis utilizing the plain language of the statute and the canons of construction must be done in a manner which harmonizes with the underlying reason and purpose of the statute.

*Elec. Supply Co. of Durham v. Swain Elec. Co.*, 328 N.C. 651, 656 (1991) (emphasis added) (cleaned up). Put simply, "[s]tatutes dealing with the same subject matter must be construed in *pari materia* and harmonized, if possible, to give effect to each." *Bd. of Adjust. of Town of Swansboro v. Town of Swansboro*, 334 N.C. 421, 427 (1993).

"In statutory interpretation, we take the statute as we find it . . . because a law is the best expositor of itself." *N.C. Dep't of Env't Quality v. N.C. Farm Bureau*

13

*Fed'n, Inc.*, 291 N.C. App. 188, 193 (2023) (cleaned up). "It should go without saying that we may not interpret what has no need of interpretation and, when the words have a definite and precise meaning, we cannot go elsewhere in search of conjecture in order to restrict or extend the meaning." *State v. Daw*, 386 N.C. 468, 476 (2024) (cleaned up).[7]  Contrary to the majority's "reasoning," a judge does *not* have the constitutional authority to judicially rewrite a valid law passed by our legislature based on what he or she feels is "commonsense."

"The statutes of limitations and repose for professional malpractice claims . . . are set out in N.C.[G.][S.] § 1-15(c)[.]" *Carle v. Wyrick, Robbins, Yates & Ponton, LLP*, 225 N.C. App. 656, 659 (2013).  Specifically, subsection (c) declares:

> Provided nothing herein shall be construed to reduce the statute of limitation in any such case below three years. Provided further, that *in no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action*[.]

N.C.G.S. § 1-15(c) (2023) (emphasis added).

"It is well established that the word 'shall' is generally imperative or mandatory when used in our statutes." *Morningstar Marinas/Eaton Ferry, LLC v. Warren Cty.*, 368 N.C. 360, 365 (2015) (cleaned up).  Therefore, the statute of repose

---

[7] The majority's apparent implication that *Daw* is not instructive here because it was a criminal matter is puzzling.  Barring the rule of lenity, the process of statutory construction does not change based on the nature of the case.  The majority's choice to ignore *Daw* and other instructive cases regarding statutory interpretation, *in an opinion regarding statutory interpretation*, and to focus instead on cases that do not address the statute of repose's interplay with the savings provision, is bizarre to say the least.

can reasonably be read as "*an unyielding and absolute barrier,*" *Hargett*, 337 N.C. at 655 (emphasis added) (cleaned up), where it precisely states, "*in no event shall an action be commenced,*" N.C.G.S. § 1-15(c).

The savings provision provides that if "an action commenced within the time prescribed therefore, . . . is dismissed without prejudice under this subsection, a *new action* based on the same claim *may be commenced* within one year after such dismissal[.]" N.C.G.S. § 1A-1, Rule 41(a)(1) (emphasis added). Because the savings provision allows "a new action" to "be commenced," *id.*, and because the statute of repose provides that "in no event shall an action *be commenced* more than four years from the last act of the defendant," N.C.G.S. § 1-15(c), a party cannot use the savings provision to evade the statute of repose's "unyielding and absolute barrier," *Hargett*, 337 N.C. at 655 (cleaned up), by commencing a new action after the repose period has expired.

The statutes *could* be read, as the majority describes, such that the purpose of the statute of repose is frustrated by the savings provision. However, such reading would require us to presuppose that the savings provision was intended to resurrect claims barred by the statute of repose—not just claims otherwise barred by the statute of limitation. This reading, regardless of whether the majority thinks it comports with their "commonsense," directly contradicts the bedrock "presum[ption] that the means employed by the Legislature to express *its will* are adequate to the purpose and do express *that will* correctly." *Daw*, 386 N.C. at 476 (emphasis added)

15

(citation omitted); *see also Bd. of Educ. of Onslow Cnty. v. Bd. of Cnty. Comm'rs of Onslow Cnty.*, 240 N.C. 118, 126 (1954) ("An unnecessary implication arising from one section, inconsistent with the express terms of another on the same subject, yields to the expressed intent, and the two sections are not repugnant." (citations omitted)).

The majority's reading requires us to presume the legislature either intended: (1) the statute of repose to read "in no event, *except for those circumstances provided in Rule 41(a)(1)*, shall an action be commenced more than four years from the last act of the defendant," or (2) the savings provision to read "a[n] ~~new~~ action may be [re]commenced within one year." Such an interpretation runs afoul of the basic tenet that "a legislature says in a statute what it means and means in a statute what it says there," *Daw*, 386 N.C. at 478, and fails to uphold "our duty to give effect to the words actually used in a statute and not to delete words used or to insert words not used," *Lunsford v. Mills*, 367 N.C. 618, 623 (2014).

Rather than judicially rewriting either of these statutes, I would read the statute of repose's plain language as creating an imperative and unequivocal boundary to *all* actions "commenced more than four years from the last act of the defendant giving rise to the cause of action." N.C.G.S. § 1-15(c). Because the savings provision permissively allows "a new action" to be "commenced," any such action is subject to the statute of repose.

This reading aligns with our precedent distinguishing the statute of limitation and the statute of repose because "[w]hile equitable doctrines may toll statutes of

16

limitation, they do not toll substantive rights created by statutes of repose." *Monson*, 133 N.C. App. at 240.[8]  Imagine a plaintiff initially files on the last day of the three-year statute of limitation for this type of claim, takes a voluntary dismissal two years later before the case is resolved, then refiles on the last day of the one-year extension. It will now have been two years past the statute of repose.  The majority's interpretation would allow for the case to proceed and "subject a defendant to potential open-ended liability for an indefinite period of time, *defeating the very purpose of statutes of repose*[.]"  *Id.* (emphasis added); *see also Christie*, 367 N.C. at 539 ("[S]tatutes of repose give potential defendants a degree of certainty and control over their legal exposure . . . . Statutes of repose function as unyielding and absolute barriers to litigation." (cleaned up)).

Reading the statute of repose to bar all actions commenced four years from the defendant's last act, and the savings provision to apply to the "commence[ment]" of a "*new* action based on the same claim," gives proper effect to the statutes' plain

---

[8] The majority's conclusion that the savings provision "must first be applied to determine the appropriate commencement date, then using the appropriate commencement date, we can consider whether a claim is time barred by either the statute of limitations or the statue of repose[,]" again confuses the statute of limitation with the statute of repose.  *See Black*, 312 N.C. at 633 (describing statutes of repose as substantive, condition precedents, that "prevents a plaintiff's right of action even before his cause of action may accrue . . . .").  *Cf. Christie*, 367 N.C. at 538 (describing statutes of *limitations* as "affirmative defenses," "subject to equitable defenses," and "are procedural, not substantive" legislative tools to "determine not whether an injury has occurred, but whether a party can obtain a remedy for that injury.").  The majority's conclusion evades the plain language of the savings provision, which allows a party to "commence[ ]" a "new action," N.C.G.S. § 1A-1, Rule 41(a)(1), and the plain language of the statue of repose, which forbids the commencement of any new action after the repose period has expired, *id.* § 1-15(c).

language.  Bending the statute of repose to yield to the Rule 41(a)(1) savings provision requires this Court to erase the General Assembly's mandate that "*in no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action,*" N.C.G.S. § 1-15(c) (emphasis added), and erodes our clear precedent that the statute of repose is "an unyielding and absolute barrier." *Hargett*, 337 N.C. at 655 (cleaned up).  If the legislature wishes to subject the statute of repose to the savings provision, it may amend either provision to do so—this Court may not.

Because plaintiff's second complaint alleged the last date of negligence by defendants to be no later than 22 April 2019, I concur in the majority's determination that "the three-year statute of limitations ended on 22 April 2022, and the four-year statute of repose ended on 22 April 2023."  However, as the savings provision does not provide an exception to the statute of repose's unyielding and absolute barrier, plaintiff's second complaint was wholly barred by the statute of repose.

## IV.  Conclusion

When a statute's "words have definite and precise meaning" our appellate courts "may not interpret what has no need of interpretation." *Daw*, 386 N.C. at 476 (cleaned up).  Because the savings provision is not an exception to the statute of repose, I would affirm the trial court's order granting defendants' motion to dismiss.